Brown et al. *v.* Smith et al.

proper to be used in the discharge of his duties of sheriff, money, to the amount of thirty-two dollars, as charged in said bill; that he has used a part of said blanks in the discharge of his duties as sheriff, and that he has the remainder of such blanks in his possession to be used in the same manner, and that the same were of the value charged in said bill.

It is further agreed, that no part of the value of said services, as such, has been paid to said sheriff.

It is further agreed, that during the time while the said services in serving venires, and executing orders of court to summon jurors as aforesaid, were being rendered, the defendant allowed and paid to the plaintiff ten dollars for each regular panel of jurors, and ten dollars for every panel of jurors summoned by order of court, both in the Circuit Court and County Court of said county.

The court shall take this agreement as evidence in said cause, and shall determine said cause without the intervention of a jury.

The court rendered judgment for the defendant, to which plaintiff excepted.

M. WILLIAMSON, for Plaintiff in Error.

MANNING & MERRIMAN, for the County.

---

CHARLES B. BROWN *et al.,* Appellants, *v.* GEORGE SMITH *et al.,* Appellees.

APPEAL FROM COURT OF COMMON PLEAS OF COOK COUNTY.

Whatever may be the form of action, it is error to render a judgment for a larger sum than that claimed in the declaration.

The court has no power to permit an amendment to the declaration, in a matter of substance, without granting a continuance, if desired by the defendant.

Nor has the court power, after verdict, to permit amendments of substance, except upon terms of payment of costs, setting aside the verdict, and granting a new trial.

THIS was an action brought by appellees against appellants, on a bond. Damages claimed in the declaration, five hundred dollars. Trial was had before JOHN M. WILSON, Judge, and a jury, and verdict for the plaintiffs for $1,131.09. The defendants entered motions in arrest of judgment, and for a new trial. The plaintiffs also entered a motion for leave to amend their declaration by inserting the word "twelve" instead of the word "five" in the *ad damnum;* which last motion was granted, and those on the part of defendants over-ruled, and judgment entered for plaintiffs.

W. W. FARWELL, and SIDNEY SMITH, for Appellants.

F. H. WINSTON, for Appellees.

WALKER, J. This was an action of debt, instituted on a penal bond, with conditions annexed. Breaches were assigned in the declaration, and the damages were laid at five hundred dollars. The jury found a verdict for the sum $1,131.09, and the appellants entered motions in arrest of judgment, and for a new trial. The appellees also entered a motion for leave to amend the declaration, by increasing the *ad damnum* to an amount sufficiently large to cover the finding of the jury. The court allowed the motion to amend, and overruled the motions in arrest and for a new trial, and rendered judgment on the verdict. From that judgment, and to reverse which, the defendants below prosecute this appeal.

This court has repeatedly held, that the damages laid in the conclusion of the count or declaration on a penal bond, must be sufficiently large to cover the finding of the jury, and that it is error to render judgment for a larger sum than is thus claimed. *Fournier* v. *Faggott,* 3 Scam. 347; *Stephens* v. *Sweeney,* 2 Gilm. 375; *Russell* v. *The City of Chicago,* 22 Ill. R. 283. There is no rule of practice better settled, than that it is error to render judgment for a larger sum than that claimed in the declaration, whatever the form of the action.

And by the uniform rule of practice, the court has no power to permit an amendment in the declaration, in a matter of substance, without granting a continuance of the cause, if desired by the defendant. To do so would operate as a surprise, and defeat the object in requiring the declaration to be filed ten days before the term. Where such an amendment is made, it becomes essentially a new declaration, which the party has the right to prepare to defend. There was this material amendment of the declaration, entitling the defendant to a continuance. In that as originally filed, the whole claim of damages amounted

to but five hundred dollars, while it as amended claimed over three thousand. When it was filed, the defendants had a right to believe that no more than the damages there claimed, would be insisted upon at the trial. This amendment authorized a greater recovery, and was as material an amendment as if there had been added a new breach, or count in the declaration, to make it conform to the proof.

Nor has the court any power, after verdict, to permit amendments of substance, except upon terms of the payment of costs, setting aside the verdict, and granting a new trial. *Tomlinson* v. *Blacksmith*, 7 T. R. 132. To permit such a practice, would enable a plaintiff to claim a small amount in his summons and declaration, and to recover a larger amount on the trial. It may be that the appellants have a complete defense to all the damages above five hundred dollars, and may have been induced, by no more being claimed, to make no preparation to establish it. The court below erred in permitting the amendment, except it had been on terms.

The judgment must therefore be reversed, and the cause remanded.

*Judgment reversed.*