406     GOOD et al. *v.* MARTIN.·        [Feb. T.,

*Error to Probate Court, Las Animas County.*

Mr. W. F. STONE and Mr. E. L. SMITH, for plaintiff in error.

Mr. H. R. HUNT, for defendant in error.

GOOD et al. *v.* MARTIN.

PRACTICE — *motion to suppress deposition too broad.*   A motion to suppress a deposition founded upon objections to answers to cross-interrogatories should be denied.

PRESUMPTION *in support of record of court of general jurisdiction.* · Where an attorney made oath that he had no notice of a motion for leave to amend the declaration, and there is no showing whether his clients were notified, in support of the proceedings of the court it will be presumed that notice was served upon the clients.

AMENDMENT OF DECLARATION *by increasing amount of ad damnum.*   After trial and verdict in a cause, the court may, upon setting aside the verdict

and granting a new trial, allow the plaintiff to amend the declaration by increasing the amount of the *ad damnum.*

PRACTICE — *defendant's right to plead de novo after amendment.* In such case, in the absence of any showing as to the necessity for making a new defense after the amendment, the granting or refusing leave to plead anew was in the discretion of the court, of which appellants cannot complain in this court.

APPEARANCE — *effect of withdrawal upon issues.* If a defendant who has joined issue in a cause, with leave of the court, withdraw his appearance, the issue on his part falls to the ground and judgment of default should be entered against him.

PRACTICE — *default must precede final judgment.* It is irregular to proceed to final judgment against defendants served with process, without entering judgment of default.

### *Appeal from District Court, Arapahoe County.*

ASSUMPSIT on a promissory note by Ida Martin against Parker B. Cheney, Wm. N. Shephard and Jno. Good.

Good pleaded the general issue, upon which there was a trial and verdict for plaintiff, which was set aside by the court. Afterward the court allowed the plaintiff to amend the precipe writ and narr., by increasing the amount of damages, and thereupon Good asked leave to plead to the declaration as amended, which was refused by the court.

By leave of the court, Good's attorney then withdrew his appearance, and the court proceeded to try the issue which had been joined upon Good's plea, and to assess damages against Cheney and Shephard.

Judgment of default was not entered against any of the parties.

Mr. E. L. SMITH, for appellants.

Messrs. BROWNE, HARRISON & PUTNAM, for appellee.

HALLETT, C. J. We do not think it necessary to discuss at very great length the numerous questions of practice presented in this record. The motion to suppress the deposition of Atkins was founded upon objections to some of the answers to cross-interrogatories, and was therefore too broad. While the court below might have considered the exceptions to the answers named, we do not see that

there was error in refusing to suppress the entire deposition. The amendment of the *ad damnum* in the declaration, for which leave was obtained, does not appear to have been made, and perhaps we could with propriety pass over that question. But we do not feel at liberty to do so, inasmuch as the parties have dealt with the case as if the amendment had been made, and by passing upon the question now we may facilitate the proceedings in the case, which have been greatly protracted. The power of courts to allow pleadings to be amended is pretty well established, and certainly cannot be denied at this day. Stephen's Pl. 75; Graham's Pr. 654.

It is certainly good practice to give notice of the application for leave to amend, especially when the amendment is of substance, and generally courts should require such notice to be given before the application is entertained. But we are not required to consider whether the omission to give notice in this case would have affected the order made, for it does not appear that there was any such omission. It is true that appellant's attorney makes oath that he was not notified of the intended application, but his clients may have been served with notice, and we must indulge every presumption in support of the proceedings of a court of general jurisdiction.

Authorities to support the action of the court below in allowing the *ad damnum* to be increased are not wanting. *Tomlinson* v. *Blacksmith*, 7 T. R. 132; *Brown et al.* v. *Smith et al.*, 24 Ill. 196; *Dox et al.* v. *Dey*, 3 Wend. 357.

In these cases the amendment was after verdict upon payment of costs and granting a new trial, and it is to be observed that these were the only conditions imposed. It does not appear, however, that the defendants demanded greater privileges than were given; and therefore, while these cases show that the court has power to allow the amendment, they are not conclusive upon the right of the defendant to plead *de novo* after the amendment. We do not doubt that in many cases a defendant may rightfully claim the privilege of pleading anew to an amended decla-

ration, and the refusal of such demand would be cause for reversal. If a new cause of action or substantive fact should be added to the declaration by amendment, the right of the defendant to meet the new case with a new defense would seem to be unquestionable. In this case, however, the amendment introduced no new fact into the declaration. The facts upon which appellant's liability was founded were set out in the declaration as originally framed, and appellee did nothing more than to increase the amount of her demand upon those facts. Appellants were as well informed of the nature of the action against them before the amendment as afterward, and it is difficult to see upon what ground the claim to change the defense, after the amendment, can rest. At all events, in the absence of any showing as to the necessity for making a new defense after the amendment, the granting or refusing leave to plead anew was in the discretion of the court below, of which appellants cannot complain in this court.

After the withdrawal of appearance by the attorney for Good, the issue made by him was tried by a jury and the damages were assessed against Cheney and Shephard, no judgment of default having been taken against any of them. In this we think there was error. Upon withdrawal of Good's appearance, the issue on his part fell to the ground, there being no one in court to maintain it, and judgment of default should have been entered against him. *Coffin* v. *Evansville & Crawfordsville R. R. Co.*, 7 Ind. 413.

So, also, it was irregular to proceed to final judgment against Cheney and Shephard without entering their default. *Crabtree* v. *Green*, 36 Ill. 278.

Through the failure to enter judgment of default against appellants, their right to plead to the action was not determined during the whole course of the proceedings, and therefore, upon the motion made by them, the judgment should have been set aside with leave to appellants to plead.

The judgment is reversed with costs, and the cause is remanded.

*Reversed.*