## JAMES THOMPSON

*v.*

## BRIGGS W. SORNBERGER.

1. AMENDMENTS *of pleadings.* Under the statute, it is hardly ever too late to amend pleadings, whether before or after verdict, upon such terms as justice may seem to demand.

2. A judgment in an action of forcible entry and detainer was reversed in the Supreme Court on the ground that it was not shown that the defendant was in possession of all the land described in the complaint. When the cause went back on remandment, the circuit court permitted the plaintiff to amend the complaint so as to include only a part of the land therein described, upon the payment of two-thirds of the costs: *Held,* that such leave was properly given.

3. FORCIBLE ENTRY AND DETAINER—*may be brought by heir at law in possession before assignment of dower.* Where the widow, and her son, the only heir of one who died seized of land, continued in possession thereof for twenty-eight years after the death of the owner, dower never having been assigned, and no claim made thereof by the widow, and the son exercised entire control over the land, and worked it as his own, it will be presumed that the mother lived there as a member of her son's family, and not under a claim of dower, and the possession of the son is such as to enable him to maintain forcible entry and detainer against an intruder.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. HANNAMAN & WILLOUGHBY, for the appellant.

Messrs. STEWART & PHELPS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the judgment of the Warren circuit court, in an action of forcible entry and detainer, brought by Briggs W. Sornberger against James Thompson, resulting in a verdict and judgment for the plaintiff, and to reverse which the defendant appeals.

It appears this case was before this court at the September term, 1871, and the judgment obtained by appellee reversed, on the ground, chiefly, that the plaintiff had not shown defendant was in possession of all the land embraced in his complaint. *Thompson* v. *Sornberger,* 59 Ill. 326.

When the cause came back on the remandment of this court, the plaintiff asked leave to amend his complaint, so as to embrace a part of the strip of land described therein, which the court allowed on payment by the plaintiff of two-thirds of the costs which had accrued in prosecuting the action.

This ruling is the first ground of error complained of by appellant, and in regard to which it is only necessary to say, under our statute, it is hardly ever too late to amend pleadings, whether before or after verdict, on such terms as justice may seem to demand. Such a motion rests very much in the discretion of the court, and we can not say it has been abused in this case.

*Brown et al.* v. *Smith et al.* 24 Ill. 196, cited by appellant, is not, in principle, like this, nor was the Practice Act, in 1860, when that case was decided, so liberal in its provisions as the present statute. There, the damages recovered were far in excess of the amount claimed in the declaration. The action was on a penal bond, with conditions annexed. Breaches were assigned, and the damages laid at five hundred dollars. The jury found damages to eleven hundred and thirty-one dol-

lars. The court allowed plaintiff to amend by increasing the *ad damnum* to the amount found by the jury, and rendered judgment therefor. The reasoning of the court in that case has no application to this case.

In *Jackson* v. *Warren*, 32 ib. 331, which was forcible entry and detainer, it was said, if no statute interposes to prevent, all amendments are in the discretion of the court, and are allowed or refused, as may be deemed most conducive to justice under the particular circumstances of the case, and that it was usual, on granting leave to amend, to put the party under terms, and if the amendment is material, and calculated to take the opposite party by surprise, to grant a continuance, if demanded.

Hence there could be no surprise, as all the grounds of the action had been gone over in the original trial, and in this trial the effect of the amendment was only to abridge the extent of plaintiff's demand. We see no error in the action of the court in this particular.

The next point made by appellant is, that his possession was with the consent of appellee, and therefore not forcible.

This was a question for the jury, and although there was some testimony giving color to this pretension, it failed to satisfy the jury.

It is next urged, that appellee was not in possession, but his mother was. It is said his mother was in possession as dowress, of the house in which she and her son lived. This claim is set up under section 27 of the Dower Act. That provides the widow may, in all cases, retain the full possession of the dwelling house in which her husband usually dwelt next before his death, together with the outhouses and plantation thereto belonging, free from molestation or rent, until her dower be assigned. The father died twenty-eight years before this action was commenced, leaving a widow, and appellee, his only heir at law, who continued the possession ever since, the son exercising exclusive control over it, paying the taxes and working the farm as his own, his mother

living with him, her dower never having been assigned. It will not do to say, under such circumstances, that the heir at law in actual possession can not maintain this action. From the lapse of time, it may well be supposed the mother resided on the farm as a member of her son's family, and not under a claim of dower, which it is not shown she ever asserted.

.As to the instructions, as they were disposed of by the court, they could not, under the testimony, have misled the jury or worked any injury to appellant.

The justice of the case seems fairly to be with appellee, and we affirm the judgment.

*Judgment affirmed.*