# Birmingham Water Works Co. v. Vinter.

### Breach of Contract.

(Decided Jan. 13, 1910. 51 South. 356.)

1. *Damages; Breach of Contract; Mental Anguish.*—Mental anguish is not a recoverable element of actual damages growing out of a mere breach of contract, and hence, it was error to charge that plaintiff could recover for distress and outraged feelings, as these terms cover mental anguish.

2. *Pleading; General Issue; Matters Within.*—Where the case is tried upon the general issue alone matters in avoidance of the allegation of the complaint or in excuse or justification of the wrongful act imputed to the defendant were not within the issues.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by George Vinter against the Birmingham Waterworks Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

In his oral charge to the jury the court said: "If the nature of the contract is such that a breach of it would cause the plaintiff inconvenience and annoyance, and these were naturally incident to the breach of it, and these facts were known to the parties to the contract at the time of making it, then I charge you that any annoyance, inconvenience, or distress which plaintiff may have sustained would be a proper element of damage for you

to consider in this case." Further charging the jury, the court said: "If the jury are satisfied from the evidence that the contract was breached by the defendant, and that plaintiff's feelings had been outraged as a proximate result of such breach, the jury might consider such outraged feelings as an element for the assessment of damages, if such damages upon a breach of the contract proximately resulted, and if the jury believe that such damages were naturally incident to a breach of the contract, and that the same were within the contemplation of the parties to the contract at the time the contract was made." Charge 4, refused to the defendant, is as follows: "If you believe from the evidence that plaintiff allowed or permitted any other person than a member of his family to take, use, or draw water from the hydrant at plaintiff's residence, defendant would have a right to cut off the water." The evidence objected to tended to show the use of the hydrant by other people than the family of the occupant.

CAMPBELL & JOHNSTON, for appellant. The court erred in its oral charge to the jury. Mental anguish is not a recoverable element of actual damages, for the mere breach of a contract.—13 Cyc. 3233, et. seq.; W. U. T. v. Westmoreland, 44 South. 382; 8 Am. & E. Ency. of Law, 658; 114 N. W. 354.

C. D. RITTER, for appellee. The court properly instructed as to the measure of damages recoverable.— Sutherland on Damages, Sec. 92; 60 N. Y. 487; 28 Minn. 476; 75 Ga. 572; 72 Am. Dec. 525; Bell v. Reynolds, 78 Ala. 511; W. U. T. Co. v. Rowell, 45 South. 81, and authorities there cited.

ANDERSON, J.—So much of the oral charge as was excepted to was to the effect that the jury could assess

damages for mental anguish incident to or resulting from a breach of the contract, if the same was within the contemplation of the parties at the time the contract was made. This case seems to have been tried before this court decided the case of *Birmingham Waterworks v. Ferguson, Infra,* 51 South. 150, and the learned trial court evidently attempted to lay down a rule applicable to telegraph cases, but which are differentiated from cases of this character in the opinion of the court in the *Ferguson Case, supra.* There it was held, by a majority of the court, that mental anguish was not a recoverable element of actual damages growing out of a mere breach of the contract; and we are of the opinion that such damages are not recoverable in the case at bar, and that that portion of the oral charge, excepted to by the defendant, was error.

In the *Ferguson Case, supra,* there was considerable division among the justices; but the main difference, as to a majority, was not as to the element of recoverable damages, but over the meaning of the word "annoyance," and whether or not it was distinguishable from the word "inconvenience" as used and applicable to the facts of the case. Justice Denson and the writer were of the opinion that damages for mental anguish were not recoverable, and condemned the word "annoyance," because it would include mental anguish; the Chief Justice and Justice Sayre were also of the opinion, that damages for mental anguish were not recoverable, but upheld the charge upon the theory that "neither inconvenience nor annoyance involves mental anguish;" while Justices McClellan and Mayfield did not qualify their indorsement of the charges, and the opinion does not disclose whether they did or did not think that damages for mental anguish were recoverable. On the other hand, Justice Simpson thought the damages should be con-

fined to a much narrower margin than any of the others. It would therefore seem that the opinion of Justice Denson as to the rule of recoverable damages in that and similar cases was, in effect, the opinion of the court being concurred in by the Chief Justice, the writer, and Justice Sayre, constituting a majority, and the only difference between them being as to the meaning of the word "annoyance" as used in the charges in question. The oral charge in the case at bar, however, went beyond the charges considered in the *Ferguson Case, supra,* and contained the words "distress" and "outraged feelings," and which covered mental anguish, regardless of what was considered to be the meaning of the words "annoyance and inconvenience' as used in the charges considered in the *Ferguson Case, supra.*

This case was tried upon the general issue alone, and matter in avoidance of the allegations of the complaint, or in excuse or justification of the wrongful act imputed to the defendant, was not within the issue made.— *American Oak Co. v. Ryan,* 112 Ala. 337, 20 South. 644. The exceptions to the ruling on evidence, as insisted upon in brief of counsel, related to an effort to show facts which would tend to justify the breach. For the same reason charge 4, requested by the defendant, was properly refused.

We find in brief of counsel for appellant an insistence of error and argument thereon in giving the general charge for the plaintiff. The record fails to disclose that such a charge was given. While the argument treats the point as referring to the general charge in favor of the plaintiff, it refers to assignment of error 21, which relates to the refusal of the general charge requested by the defendant. It is sufficient to say, however, that the trial court properly refused the general charge requested by the defendant.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.