## No. 10,037.

### WESTESEN *v.* OLATHE STATE BANK.

Decided February 6, 1922.

Action on contract. Judgment of dismissal.

### *Reversed.*

1. CONTRACT—*Construed.* Where a party executes to a bank notes for money which he desires to borrow, and the bank in consideration thereof, agrees to loan him such amount not to exceed the face of the notes, as he shall desire to use, the transaction constitutes a valid contract, and a breach thereof is actionable.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Messrs. CATLIN & BLAKE, for plaintiff in error.

Mr. EDWARD M. SHERMAN, for defendant in error.

*Department 2.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error sued the defendant in error for damages for a breach of a contract by which the bank agreed to loan plaintiff money for a trip to California. A general demurrer to the complaint was sustained upon the ground that the contract was unilateral, and void for want of mutuality, there being, the court held, no obligation on the part of the plaintiff to borrow any money from the bank. Plaintiff elected to stand upon his complaint, the action was dismissed, and the cause is now here on error.

The demurrer to the complaint was sustained upon the authority of *Cold Blast Co. v. Kansas City Bolt & Nut Co.*, 114 Fed. 77, 52 C. C. A. 25, 57 L. R. A. 696. The facts in that case, however, are so different from those in this case that the decision furnishes no authority for the court's holding.

The contract set up in the complaint should be construed according to the familiar rule that contracts are to be construed in the light of the circumstances surrounding the parties, and of the objects which they evidently had in view. The complaint alleges that the plaintiff explained to the vice president of the banking company that he "was about to take a trip of vacation to California, and would require a credit of $5,000.00 for use on such trip, and then and thereupon defendant, through the said vice president, caused plaintiff to execute his five promissory notes of $1,000.00 each to defendant, and plaintiff did execute said notes to the defendant, and in consideration thereof, defendant promised and agreed that plaintiff

should have a credit of $5,000.00 with said bank, against which plaintiff could check at his convenience; that said notes would be held by defendant, and whenever his account, by reason of checking thereon in accordance with said agreement, should be overdrawn, that said notes would be severally deposited and credited to plaintiff's account, less the usual discount thereon; and plaintiff then and there explained to defendant, and defendant knew the purpose of said trip to California, and that the obtaining of said credit was for the trip of plaintiff and his wife to California for a vacation, and that plaintiff did not, and would not have the funds for said trip and vacation, except through said credit."

It is further alleged that plaintiff, after arriving in California, drew a check on said bank, which was dishonored.

It is to be observed that the complaint alleges that the execution and delivery of the promissory notes to the bank upon the condition and for the purpose stated, was the consideration upon which the bank was to give plaintiff a credit of $5,000.00. Unquestionably such delivery was a sufficient consideration for that contract, even if there were nothing else, because the plaintiff thereby put himself in a worse position, and because he did something he was not bound to do.

The complaint is good under another line of authorities, which hold that an agreement on the one part to sell, and upon the other part to buy all the goods, or articles, that the purchaser may *require* during a stated term, is a valid contract. This, of course, is confined to those cases in which there is good ground for believing that some goods at least will be required.

Construing the complaint as an entirety, it is clear that the bank agreed that if the plaintiff would borrow of it the money which he would require on his proposed trip, and give to the bank his notes, it would advance money through his checking account, as required by him; in short, the bank agreed to loan plaintiff the money *required*

for the trip. The moment that a check by the plaintiff called for more money than he had on deposit, the bank had the right to take one of the notes, and make it a binding obligation upon the plaintiff. It is immaterial that the exact sum he might require was not fixed. The contract was made with that fact in view. The bank being in the business of loaning money, in effect, proposed that if the plaintiff would borrow from it what he needed for the purpose stated, it would loan it to him as called for. The delivery of the notes, was an acceptance of the proposition, and completed the contract. The fact that he might shorten his trip, and so borrow less money, is not material because that, too, was a contingency which must have been recognized by the bank. That might be of some moment upon the question of the advisability of making the contract, but it does not affect its validity. Since the contract was made, the question whether or not the bank got much or little profit out of it, is beside the mark. The complaint stated a cause of action and the court erred in sustaining the demurrer.

The judgment is therefore reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.