## No. 11,167.

### WESTESEN v. OLATHE STATE BANK.

Decided November 2, 1925.

Action for damages for breach of contract. Judgment for plaintiff.

*Reversed.*

1. DAMAGES—*Mental Suffering.* Mental pain and suffering in connection with a wrong which apart from such pain and suffering constitutes a cause of action, is a proper element of damage where it is the natural and proximate consequence of the wrong, and this rule applies to actions ex contractu.

2. PLEADING—*Amendment—Ad Damnum.* Amendments increasing the ad damnum are allowable and may be made even as late as the time of trial.

*Error to the District Court of Montrose County, Hon. Straud M. Logan, Judge.*

Messrs. CATLIN & CATLIN, for plaintiff in error.

Messrs. SHERMAN & WALDO, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for the breach of a contract whereby the defendant, a banking corporation, agreed to loan plaintiff money for a trip to California by crediting his account with such sums as he might need after reaching his destination. The allegations of the complaint are more fully discussed in *Westesen v. Olathe State Bank,* 71 Colo. 102, 204 Pac. 329, where we held that it was error to sustain a demurrer to the complaint in this case. The case came here a second time, and in 75 Colo. 340, 225 Pac. 837, the judgment was reversed for various reasons, and the cause remanded. At the last trial the court permitted the jury to assess damages resulting from humiliation and mental suffering alleged to have been caused by defendant's breach of the contract, in addition to other damages caused by the breach. The jury returned a verdict for plaintiff, assessing damages as follows: "* * * For loss of expenses $700.00 * * * For humiliation and mental suffering $1,000.00 * * *"

The defendant filed a motion for a new trial, alleging, principally, that it was error to allow damages for humiliation and mental suffering. The trial court set aside the verdict as to the item of $1,000 for humiliation and mental suffering, and entered judgment upon the $700 item of the verdict. The plaintiff, for the third time, brings the cause here for review.

The principal question presented by the record, upon this review, is: Can damages for humiliation and mental suffering be allowed in this case?

The defendant in error, defendant below, contends that

this question must be answered in the negative, under the decision in *Hall v. Jackson,* 24 Colo. App. 225, 134 Pac. 151. In that case the defendant was guilty of a mere passive breach of the contract, and the decision is in line with those cases which apply the rule stated in 17 C. J. 837, as follows: "In an action for breach of contract, damages cannot be recovered for mental suffering alone, there being no allegation of any other damage." See annotation in 23 A. L. R. 361, et seq.

In the Hall case the plaintiff alleged no other damage. In the instant case, the plaintiff does allege, and prove, other damage, namely, the expense of travel in the course of an interrupted and ruined vacation, which expense the jury found to amount to $700. Under the authorities hereinafter cited, and the views hereinafter expressed, this difference between the facts of the two cases renders the Hall case not decisive of the instant case.

In 17 C. J. 828, it is said in the text: "Mental pain and suffering in connection with a wrong which apart from such pain and suffering constitutes a cause of action is a proper element of damages where it is the natural and proximate consequence of the wrong."

While this rule has frequently been applied to cases sounding in tort (8 R. C. L. 512, sec. 71), it is applicable in actions ex contractu. *Larson v. Chase,* 47 Minn. 307 310, 50 N. W. 239, 14 L. R. A. 85, 28 Am. St. Rep. 370. Where a recovery of such damages has been denied, in actions ex contractu, it was usually denied upon the ground that the breach of the contract was not such as would naturally cause mental anguish. A case illustrating that situation is *Adams v. Brosius,* 69 Or. 513, 139 Pac. 729, 51 L. R. A. (N. S.) 36.

Was the breach of the contract involved in this case one which would naturally cause mental anguish? The defendant bank was informed of the purpose of the loan, and knew that plaintiff intended to use the money for a trip to California. Before he left for California, plaintiff left with defendant bank five promissory notes of $1,000 each, and defendant promised and agreed that plain-

tiff should have a credit of $5,000 with the bank, against which plaintiff.could check at his convenience. After plain-- tiff reached California, defendant refused to honor plaintiff's checks. It is true that ordinarily, no recovery can be had for mental suffering and humiliation arising out of a breach of a contract by a bank to honor a check, because mental suffering and humiliation is not the natural result of a mere protest or dishonor of a check, or such a result as is reasonably anticipated. *American National Bank v. Morey,* 113 Ky. 857, 69 S. W. 759, 58 L. R. A. 956, 101 Am. St. Rep. 379. In the instant case, the breach *was* the proximate cause of the mental suffering and humiliation, for it resulted in more than the mere dishonor of a check. The breach deprived the plaintiff of funds after he got to California, where defendant knew he was going, having borrowed the money, or made the agreement, solely in order to be able to make the trip. In California, plaintiff was away from home, and among strangers. The defendant's breach of the contract left him without financial resources or credit. Under such circumstances, to cause his check to be worthless would naturally result in humiliation and mental suffering. In the instant case, humiliation and mental suffering was properly an item of damage.

Defendant in error further contends that plaintiff cannot recover for mental suffering and humiliation unless there was a wilful wrong on the part of defendant. That might be true in cases where mental pain and suffering alone is the ground of recovery. 17 C. J. 831; *Hall v. Jackson, supra.* But where, as here, other grounds of recovery are laid, "the grounds for an allowance of exemplary damages need not be present." 17 C. J. 830. No wilful wrong need be present.

The defendant in error further contends, in effect, that the trial court was justified in setting aside the verdict as to damages for mental suffering and humiliation, because, as it claims, the trial court thereby corrected an erroneous ruling in allowing plaintiff to amend the ad

damnum at the beginning of the trial. That ruling was not erroneous, since amendments increasing the ad damnum are allowable. *Good v. Martin,* 1 Colo. 406. And they may be made even as late as the time of trial. *King v. Milner,* 63 Colo. 405, 411, 167 Pac. 957.

It was error to set aside the verdict as to the item of $1,000 for damages for mental suffering and humiliation. The judgment is, therefore, reversed, and the cause remanded with directions to enter judgment upon the verdict in its entirety, that is, upon the verdict for $1,700.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.