141 So. 630

## F. BECKER ASPHALTUM ROOFING CO. et al. v. MURPHY

### 6 Div. 103.

Supreme Court of Alabama.

April 14, 1932.

Rehearing Denied May 26, 1932.

J. K. Taylor and Chas. W. Greer, both of Birmingham, for appellants.

Arlie Barber, of Birmingham, for appellee.

BROWN, J.

The plaintiff sued the appellants for breach of warranty and recovered a judgment against both, from which they jointly appealed, and have submitted the appeal on joint assignment of errors, without leave or order of severance, and under the uniform rulings here, only errors injuriously affecting both appellants are available to reverse the judgment. Cook et al. v. Atkins, 173 Ala. 363, 56 So. 224; Hall et al. v. First Bank of Crossville, 196 Ala. 627, 72 So. 171.

The subject of the warranty was a roof placed on the plaintiff's dwelling by one of the defendants, of material manufactured and sold by it, and insured by both against windstorms, hail, defective material, and faulty workmanship, the "guarantee of satisfaction and service covering the repair of any leak due to" any of the specified causes.

The plaintiff offered evidence going to show that the roof leaked all over the house, every time it rained; that water fell upon the bed where plaintiff slept, and upon the other furniture and furnishings, disturbing plaintiff;

that plaintiff was a sufferer from asthma, and contracted colds and suffered therefrom; that defendant Becker Roofing Company was notified of the condition of the roof and made no effort to repair the same.

The defendant offered evidence going to show that the roof was of good material, and was put on in a workmanlike manner, and one of defendants' witnesses testified that he went to the plaintiff's house "one morning while it was raining. I stayed there from around nine o'clock to about a quarter to one. It was raining all the time; raining hard. I went in all the rooms of the house, turned on all the lights in the house and took a flashlight. *I found no leaks whatever.*" (Italics supplied.)

Another witness testified: "I took this old negro [the witness whose testimony is quoted above] that was in here on the stand to this negro woman's house one morning while it was raining when I went down there. It was raining as hard as I ever saw it, and I got there about nine o'clock and stayed until nearly one o'clock, and when I got ready to leave—I didn't make an inspection until I got ready to leave—and I looked into every room and around the chimney and *there was not a drop of rain coming through.*" (Italics supplied.)

The plaintiff offered testimony, in rebuttal, that the two witnesses testifying for defendant came to plaintiff's house after the suit was brought, on two occasions, once sometime before the trial, and on the day before; that the roof was leaking while they were there; that the witness Watson did not go through the house with a flash-light and make an inspection; that the roof was leaking while the man was there, leaking in all four rooms and on the porch.

■ To authorize a recovery in a civil action, it is enough that the plaintiff prove the substance of the issue. She was not required to prove all the averments, but those that are material; nor was she required to prove all the damages claimed in the complaint. Wilson v. Smith, 111 Ala. 171, 20 So. 134; Southern Ry. Co. v. Lee, 167 Ala. 268, 52 So. 648; St. Louis & S. F. Ry. Co. v. Mills, 220 Ala. 107, 124 So. 231; City of Bessemer v. Pope, 212 Ala. 16, 101 So. 648; International Harvester Co. v. Williams, 222 Ala. 589, 133 So. 270.

■ The evidence made a case for jury decision and the affirmative charge was well refused.

■ The general rule is that damages cannot be recovered for mental anguish in an action of assumpsit. Birmingham Water Works Co. v. Vinter, 164 Ala. 490, 51 So. 356. The ground on which the right to recover such damages is denied, is that they are too remote, were not within the contemplation of the parties, and that the breach of the contract is not such as will naturally cause mental anguish. Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689, 44 A. L. R. 1484. "Yet where the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, it is just that damages therefor be taken into consideration and awarded." 8 R. C. L. p. 529, § 83; Southern Ry. Co. v. Rowe, 198 Ala. 353, 73 So. 634; McConnell v. United States Express Co., 179 Mich. 522, 146 N. W. 428, Ann. Cas. 1915D, 80; Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689, 44 A. L. R. 1484; Burrus v. Nevada-California-Oregon Ry., 38 Nev. 156, 145 P. 926, L. R. A. 1917D, 750.

Another exception is where the breach of the contract is tortious, or attended with personal injury, damages for mental anguish may be awarded. Vinson v. Southern Bell Tel. & Tel. Co., 188 Ala. 292, 66 So. 100, L. R. A. 1915C, 450.

■ The facts of this case, if the plaintiff's evidence was believed, brings the case within these two exceptions.

The contract related to placing a roof on the plaintiff's residence, her "castle," the habitation which she had provided to protect her against the elements, and to shelter her belongings that she thought essential to her comfort and well-being, the very things against which she made the contract to protect herself and her property, and as a result of the breach of the obligation which defendants assumed, the roof leaked to such extent that she was disturbed in her comfort, her household belongings were soaked with water, her house was made damp, she was made sick, as the jury were authorized to find. And the defendants, though repeatedly notified, took no steps to meet their obligation, were not only guilty of a breach of the contract, but were negligent in respect to the performance of the duty which it imposed on them. Charge 12 was therefore refused without error.

■ She was also entitled to recover for inconvenience and annoyance, resulting proximately from such breach. Alabama Water Co. v. Knowles, 220 Ala. 61, 124 So. 96.

Assignments of error 17, 18, and 19 relate to only one of the appellants, and, on the principle first above announced, will not be considered.

■ There was evidence which, if believed, justified the jury in returning a verdict for the plaintiff, and we are not able to affirm on this record that the great preponderance of the evidence is against the verdict. Cobb

v. Malone & Collins, 92 Ala. 630, 9 So. 738; Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

■ Charge 11 was properly refused. If plaintiff was made sick in consequence of the breach of the contract, this was actual damages, which she was entitled to recover.

■ Charge 10 singles out and gives undue emphasis to a single fact testified to by two of defendants' witnesses, and was therefore well refused. 5 Mayf. Dig. 128, § 16.

We have examined the several rulings in respect to the admission of evidence, and find nothing therein that would warrant a reversal of the judgment, or that calls for specific treatment. No error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.