Appellant, Eston H. Stead, Jr., states eleven issues that he contends are presented for review by this court. However, we perceive there is only one issue controlling a decision in this case: Whether or not, under the facts, upon breach of a hospital and medical benefits insurance contract, damages, compensatory and punitive, may be recovered that include those for mental anguish, personal injury, loss of earnings, pain and suffering and impairment of earning capacity.
We hold that such damages may not be recovered in this case and affirm the order of the trial court granting a new trial.
For a history of the facts and proceedings in this case to 6 March 1975, see In re Eston H. Stead, Jr. v. Blue Cross-BlueShield of Alabama, 294 Ala. 3, 310 So.2d 469 (1975). Thereafter, in September 1975, Stead filed an amendment to his original complaint in which he alleged that Blue Cross wilfully, wrongfully and in bad faith rejected and refused to pay his claim for benefits due him under his policy on account of incurred hospital and surgical expenses. He further claimed damages for the loss of insurance coverage, personal injury, loss of wages, impairment of earning capacity, inability to go about his usual pursuits and duties, physical pain and mental anguish, permanent injuries, inconvenience, humiliation, worry and distress of mind, expenditure of monies in the effort to heal and cure his injuries and future medical expense; all as a result of the refusal of Blue Cross to pay his claim.
In February 1976 he filed another amendment alleging that damages as claimed in the September 1975 amendment were:
 the natural and proximate consequence of breach of contract and reasonably supposed to have been within the contemplation of the parties at the time the insurance contract was made;
 that Blue Cross knowingly made false representations to him that his health insurance policy was in full force and effect shortly after it was underwritten with no intention to perform according to such representations and with intent that Stead would rely upon them and;
 further that he, Stead, relied on the representations and purchased his health policy, that further false representations were made to Stead by Blue Cross, after denial of his initial claim, to the effect *Page 1142 
that his policy would remain in full force, future claims would be paid and there was no intent to perform according to the representations but rather they were made to induce Stead to continue to pay premiums;
 and all the acts, omissions and representations made to Stead by Blue Cross were perpetrated by the latter, wilfully, fraudulently, intentionally, in bad faith, and by extreme outrageous conduct.
A further amendment was filed in February 1976 raising the demand for damages in the original complaint (for simple breach of contract) to $10,000. Defendant Blue Cross filed a motion to dismiss Stead's amendments to his complaint, which was granted. The effect of this was to leave the original complaint before the court with a demand for damages in the sum of $10,000.
Among the grounds of the motion to dismiss was that to allow the amendments would work to the prejudice and harm of Blue Cross.
The case was tried to a jury and a verdict in behalf of Stead returned in the amount of $5,000. Blue Cross filed its motion for judgment n.o.v. or, in the alternative, for a new trial. Stead filed a motion renewing his earlier motions to allow the amendments to his complaint; this was overruled. Judgment for Stead was entered in the amount of $5,000.
Among the grounds of the motion for judgment n.o.v. or for new trial were: The verdict was excessive and was arrived at by considering illegal evidence. The trial court then entered the following order:
 "The Court being of the opinion that the verdict of the jury awarding the damages in this case is excessive by Three Thousand Nine Hundred and Seventeen Dollars ($3,917.00), it is, therefore,
 Considered, Ordered and Adjudged that the motion for the new trial on the ground that the damages awarded are excessive be and the same is hereby granted, unless within 10 days from this date the plaintiff shall file an instrument remitting all damages in excess of One Thousand and Eighty Three Dollars ($1,083.00) and agreeing to a reduction of the judgment to One Thousand and Eighty Three Dollars ($1,083.00)."
Stead, electing not to file a remittitur, allowed the trial court's order for a new trial to become absolute and thus appealable. Ex parte Smith, 228 Ala. 232, 153 So. 152 (1934);McCormick v. Alabama Power Co., 293 Ala. 481, 306 So.2d 233
(1975).
In order to reach a conclusion about the single issue we deem controlling we must deal with: (1) Whether Stead was entitled to amend his complaint and attempt to recover damages under the theories expressed therein. (2) Whether the order of the trial court granting the motion for new trial, on the ground that the verdict of the jury was excessive, was plainly and palpably erroneous.
 I
The trial court assigned no reasons for disallowing the proferred amendments. We note, however, the record contains no showing that the delays by Stead in advancing new theories as bases for recovery were: excusable, would not unduly delay trial on issues possibly raised by the amendments, or would not unduly prejudice Blue Cross. In this regard the case is even less favorable to Stead than it was as addressed by Justice Faulkner in In re Stead, supra. We cannot say, then, that the trial court abused its discretion in not allowing the amendments. Holding this, as we do, we need not determine if Stead could have maintained an action in tort where he could have recovered damages of the kind he sought to recover in this action for breach of an insurance contract. See Old SouthernLife Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726
(1976). Questions remain about the kind of damages recoverable in a case like this where the action is for breach of a hospital and medical benefits insurance contract.
The Blue Cross-Blue Shield contract in this case is a simple one calling for the payment of money only: specified rates of *Page 1143 
payment to others for supplies and services furnished Stead (in this case while an inpatient) by others; the hospital and physician. The breach of it will not permit recovery of damages for personal injury, inconvenience, annoyance or mental anguish and suffering under the exceptions spoken of in F. BeckerAsphaltum Roofing Co. v. Murphy, 224 Ala. 655, 141 So. 630
(1932):
 "The general rule is that damages cannot be recovered for mental anguish in an action of assumpsit. Birmingham Water Works Co. v. Vinter, 164 Ala. 490, 51 So. 356. The ground on which the right to recover such damages is denied, is that they are too remote, were not within the contemplation of the parties, and that the breach of the contract is not such as will naturally cause mental anguish. Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689, 44 A.L.R. 1484. `Yet where the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, it is just that damages therefor be taken into consideration and awarded.' 8 R.C.L. p. 529, § 83; Southern Ry. Co. v. Rowe, 198 Ala. 353, 73 So. 634; McConnell v. United States Express Co., 179 Mich. 522, 146 N.W. 428, Ann.Cas. 1915D, 80; Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689, 44 A.L.R. 1484; Burrus v. Nevada-California-Oregon Ry., 38 Nev. 156, 145 P. 926, L.R.A. 1917D, 750.
 "Another exception is where the breach of the contract is tortious, or attended with personal injury, damages for mental anguish may be awarded. Vinson v. Southern Bell Tel. Tel. Co., 188 Ala. 292, 66 So. 100, L.R.A. 1915C, 450.
 "The facts of this case, if the plaintiff's evidence was believed, brings the case within these two exceptions.
 "The contract related to placing a roof on the plaintiff's residence, her `castle,' the habitation which she had provided to protect her against the elements, and to shelter her belongings that she thought essential to her comfort and well-being, the very things against which she made the contract, to protect herself and her property, and as a result of the breach of the obligation which defendants assumed, the roof leaked to such extent that she was disturbed in her comfort, her household belongings were soaked with water, her house was made damp, she was made sick, as the jury were authorized to find. And the defendants, though repeatedly notified, took no steps to meet their obligation, were not guilty of a breach of the contract, but were negligent in respect to the performance of the duty which it imposed on them. Charge 12 was therefore refused without error.
 "She was also entitled to recover for inconvenience and annoyance, resulting proximately from such breach. Alabama Water Co. v. Knowles, 220 Ala. 61, 124 So. 96." 224 Ala. 655, p. 657, 141 So. 630, p. 631.
 II
The damages recoverable by Stead in this action being limited to those hospital and medical benefits payable to the hospital and physician, the rates fixed under the terms of the insurance contract, that furnished the supplies and services to Stead requires that we determine whether the evidence supports a finding by the jury that these were in the aggregate amount of $5,000; the amount of its verdict. This tells us if that verdict is excessive.
Under the evidence the net amount of the obligations of Blue Cross, by the terms of the policy, for the hospitalization and treatment of Stead was either $1,063 plus interest from date payment should have been made or $2,176.99 plus interest. It is the former because of the applicability of a clause in the insurance policy excluding from benefits monies paid by the United States and other governmental entities for hospital and medical expenses. This figure includes $913 of covered charges which remained after deducting the amount paid by the United States; and $150 which represented the maximum medical benefits *Page 1144 
allowable under the policy for any and all physicians' charges. Therefore, the maximum allowable payment under the policy was $1,063.
In the order of remittitur the trial court made an arithmetical miscalculation of twenty dollars ($1,083 — $1,063 = $20). The order granting a new trial is now absolute, therefore the miscalculation is of no consequence.
The verdict of the jury is demonstrably excessive, therefore the order granting a new trial is not plainly and palpably erroneous. Kennedy v. General Transport Co., Inc., 293 Ala. 455, 304 So.2d 896 (1974).
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.