Plaintiffs, Edwin L. Sereneck and Cathy Sereneck, filed an action in the Montgomery County Circuit Court against defendant, Bennie Hill, alleging that defendant had breached an agreement to build a house for plaintiffs in a workmanlike manner and that due to certain defects in the house, plaintiffs had been damaged to the extent of $17,895.00. Defendant denied the allegations and counterclaimed for $890.00. His counterclaim was based on the failure of the plaintiffs to pay for certain additions and repairs made by defendant on the plaintiffs' home. Trial was held before a court and a jury and a verdict and judgment was rendered in favor of plaintiffs for $7,500. A motion was then made for a new trial or a judgment n.o.v. This motion was denied. Defendant appeals from the judgment on the merits and the trial court's order denying defendant's motion for new trial or judgment n.o.v.
The facts show that the plaintiffs owned a parcel of land in south Montgomery County. Plaintiffs entered into an agreement with defendant to have the latter build a house for them on this parcel of land. The plaintiffs selected a house plan and they obtained a loan from the Farmers Home Administration to pay for the construction of their new home.
The house was built and it was inspected by plaintiffs, defendant, and a representative from the FHA before the plaintiffs moved in. The house was accepted and the plaintiffs took possession. Not too long after they began residing in the house, plaintiffs commenced to find various defects in the house. Over a brief period of time the defects increased in quantity and quality. Most of the defects resulted from the faulty foundation slab on which the house rested.
The evidence showed: that there was cracking in the exterior brick walls; that the molding and trim in the house pulled away from the walls; that the wood paneling buckled; that the floor slanted; that the bathroom tile and the ceilings cracked; and that several doors in the house would not open and close properly. In addition, the carport slab cracked. *Page 1131 
At trial one expert stated that it would cost about $8,200 to repair the damage. Another expert testified that it would cost more.
On appeal, defendant argues eleven issues or assignments of error as grounds for reversing the trial court's judgment. On examination of these issues it develops that six of them question certain portions of the court's oral charge to the jury. However, nowhere in the record is it demonstrated that the defendant objected to these portions of the court's oral charge before the jury retired.
Rule 51, ARCP, clearly provides that:
 ". . . No party may assign as error . . . the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . ."
This court and the supreme court have said that this provision of Rule 51 precludes the unobjected to portions of the trial court's charge from being the basis for reversal on appeal.Hogan v. Alabama Power Co., Ala.Civ.App., 351 So.2d 1378, cert.den. Ala., 351 So.2d 1388 (1977); Curry Motor Co. v. RebuiltParts Warehouse, Inc., 53 Ala. App. 719, 304 So.2d 221 (1974).See Pruitt v. Pruitt, Ala., 343 So.2d 495 (1976). Consequently, the six issues which deal with the objection of the defendant to certain portions of the court's oral charge to the jury are not properly before this court for review.
The next issue to be considered is defendant's contention that the trial court erred in repeating to the jury during its oral charge the term "workmanlike manner" some five or six times. Defendant submits that this emphasis on the workmanship that went into the construction of the house unduly prejudiced the defendant. We disagree.
To begin, we note that defendant did object to this aspect of the oral charge as required by Rule 51, and did assert to the trial court that he considered this prejudicial.
In their initial pleadings the plaintiffs alleged that the defendant had failed to construct the house in a workmanlike manner and, as a result, they had been damaged. Defendant denied these allegations. The tenor of the evidence was to the effect that the defects in the house were due to the workmanship of the defendant-builder. Furthermore, it is significant that during the court's instructions to the jury, the trial court used the objected to term twice in apprising the jury of plaintiffs' contentions and a third time in pointing out to the jury that plaintiffs have the burden of proving that the construction work was not done in a workmanlike manner.
After a careful examination of the trial court's entire oral charge and the remainder of the trial record, we find no prejudice to defendant's substantial rights by the trial court's use of the term "workmanlike manner." See Citizens Bankv. Routh, Ala.Civ.App., 351 So.2d 594 (1977).
Defendant next contends that the trial court erred in giving the following written charge to the jury:
 "In action for breach of warranty regarding plaintiffs' dwelling, plaintiffs are entitled to recover for inconvenience and annoyance, resulting proximately from such breach."
Moreover, defendant argues that the case of F. BeckerAsphaltum Roofing Co. v. Murphy, 224 Ala. 655, 141 So. 630
(1932), which was relied on by plaintiffs to support the giving of the above charge, is inapplicable to the present situation. In the Murphy case plaintiff had sued defendant for breach of warranty in the furnishing and installation of a new roof for plaintiff's house. The complaint and evidence showed that the roof leaked and as a consequence water fell into each room every time it rained. Additional evidence demonstrated that water leaked onto the bed where plaintiff slept (and upon other furniture and furnishings) and that as a result of the leaks, plaintiff was disturbed and suffered from colds and asthma. The supreme court in affirming a judgment for plaintiff said: *Page 1132 
 "The general rule is that damages cannot be recovered for mental anguish in an action of assumpsit. Birmingham Water Works Co. v. Vinter, 164 Ala. 490, 51 So. 356. The ground on which the right to recover such damages is denied, is that they are too remote, were not within the contemplation of the parties, and that the breach of the contract is not such as will naturally cause mental anguish. Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689, 44 A.L.R. 1484. `Yet where the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, it is just that damages therefor be taken into consideration and awarded.' 8 R.C.L. p. 529, § 83; Southern Ry. Co. v. Rowe, 198 Ala. 353, 73 So. 634; McConnell v. United States Express Co., 179 Mich. 522, 146 N.W. 428, Ann.Cas. 1915D, 80; Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689, 44 A.L.R. 1484; Burrus v. Nevada-California-Oregon Ry., 38 Nev. 156, 145 P. 926, L.R.A. 1917D, 750.
 "Another exception is where the breach of the contract is tortious, or attended with personal injury, damages for mental anguish may be awarded. Vinson v. Southern Bell Tel. Tel. Co., 188 Ala. 292, 66 So. 100, L.R.A. 1915C, 450.
 "The facts of this case, if the plaintiff's evidence was believed, brings the case within these two exceptions.
 "The contract related to placing a roof on the plaintiff's residence, her `castle,' the habitation which she had provided to protect her against the elements, and to shelter her belongings that she thought essential to her comfort and well-being, the very things against which she made the contract to protect herself and her property, and as a result of the breach of the obligation which defendants assumed, the roof leaked to such extent that she was disturbed in her comfort, her household belongings were soaked with water, her house was made damp, she was made sick, as the jury were authorized to find. And the defendants, though repeatedly notified, took no steps to meet their obligation, were not only guilty of a breach of the contract, but were negligent in respect to the performance of the duty which it imposed on them. Charge 12 was therefore refused without error.
 "She was also entitled to recover for inconvenience and annoyance, resulting proximately from such breach. Alabama Water Co. v. Knowles, 220 Ala. 61, 124 So. 96."
In the case at bar the complaint avers that plaintiffs have been annoyed and inconvenienced as a result of the failure of defendant to build their house in a workmanlike manner and by the fact that defendant breached his contractual obligation to build the house according to the agreed upon plans and specifications. The evidence shows that there was considerable cracking of the exterior walls of the house; that the paneling buckled; that the tile in the bathrooms cracked; that the exterior and interior doors would not close properly. Moreover, there was evidence that the doors could not be locked and that the existence of this condition caused the plaintiff-wife (who stayed at the house alone most of the time) to be afraid and apprehensive. Such evidence was relevant to the first exception to the general proposition that damages cannot be recovered for mental anguish in a civil action for breach of contract. In instances where it is demonstrated that the breach of the contractual duty actually caused the complaining party mental anguish or suffering and that the breach was such that it would necessarily result in emotional or mental detriment to the plaintiff, damages for annoyance and inconvenience may be awarded.
Based on evidence presented at trial we conclude that the trial court committed no error by giving to the jury the written requested charge in question.
Defendant says next that the trial court erred in giving the following written charge requested by plaintiffs: *Page 1133 
 "I charge you that even though the house in this case was to be built in accordance with specifications which had to be approved by the Farmers Home Administration, the Farmers Home Administration was not made an umpire to determine liability in this case."
This alleged error is based on defendant's contention that the house was built in accordance with specifications required by the lender, the FHA. Therefore, defendant maintains that any complaint about the construction should be directed to the FHA rather than to the defendant.
In reply, plaintiffs argue that the FHA was acting as an independent organization in the transaction between plaintiffs and defendant and not as an agent of plaintiffs.
The sole role of FHA in the transaction in question was as lender of the money for construction of the house, and as a lender, to protect its investment by requiring that defendant meet certain minimum standards of construction. The agreement for the construction of the plaintiffs' house in accordance with certain plans and specifications was between plaintiffs and defendant. We do not perceive that any action on the part of FHA could absolve defendant from the legal duty he owned to plaintiffs; consequently, we cannot say that the charge given to the jury that the FHA was not "an umpire to determine liability" between the parties was incorrect. Fox v. Webb,268 Ala. 111, 105 So.2d 75 (1958).
Another argument defendant makes for reversal is his claim that the trial court committed error in refusing to exclude all evidence with reference to the slanting of the floors.
As the evidence developed in this case, it became quite evident that the major portion of the defects in the construction of the house were due to the settling of the foundation (the house was built on a concrete slab). Thus we conclude that evidence that the floors had begun to slant would be material and relevant to the issue of whether the foundation was improperly constructed. We find no error on the part of the trial court as a result of its refusal to exclude such evidence. Cherry v. Hill, 283 Ala. 74, 214 So.2d 427 (1968);Curry Motor Co. v. Rebuilt Parts Warehouse, Inc., supra.
Defendant's final assignment of error is that the verdict and judgment was excessive and the motion for new trial should have been granted.
As stated earlier, the judgment was for $7,500. At trial there was testimony from two expert witnesses that it would cost $8,200 or more to correct the enumerated defects in the house in question. In view of this testimony we cannot say that the verdict and judgment was excessive.
For the reasons pointed out above, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.