255 So.2d 46

**JIM WALTER CORPORATION**

**v.**

**Titus GILBERT and Clara Gilbert.**

**6 Div. III.**

Court of Civil Appeals of Alabama.

Oct. 6, 1971.

Rehearing Denied Nov. 17, 1971.

R. A. Norred, Birmingham, for appellant.

Jeff Donaldson, Jasper, for appellees.

WRIGHT, Judge.

■ Plaintiffs sued Jim Walter Corporation and Willie C. Gilbert in assumpsit, alleging a joint written contract with defendants and a joint breach thereof. Upon offer of the contract into evidence, defendant duly objected on the ground that the contract clearly showed on its face that it was not a contract executed jointly by defendants, but was executed by Willie C. Gilbert only as an agent of and on behalf of Jim Walter Corporation. The exhibit thus constituted a variance from the allegations of the complaint and was inadmissible. This objection was overruled by the court.

The evidence introduced by plaintiffs during the trial was conclusive that the contract sued upon was not joint and that defendant, Willie C. Gilbert, was in no way personally a party to the contract. No amendment to the complaint was ever made by plaintiffs. In its oral charge to the jury,

the court affirmatively stated to the jury that there was no evidence that defendant Gilbert entered into the contract sued upon and therefore a verdict could not be returned against him, but that a verdict could be returned against defendant Jim Walter Corporation if the evidence reasonably satisfied them of the alleged breach of contract.

Defendant Jim Walter Corporation requested in writing the affirmative charge. The charge was refused and verdict was returned against Jim Walter Corporation awarding damages to plaintiffs in the sum of $2,000. Judgment was entered in accord with the verdict and defendant Jim Walter Corporation appeals.

■ Assignment of error on appeal is the refusal of appellants' written request for the affirmative charge. The legal premise upon which appellant requested the affirmative charge was that plaintiffs sued upon a contract alleged to have been made by two defendants jointly. Issue was joined on the allegations of the complaint. The matter went to trial. The evidence introduced by plaintiffs failed to support the allegations of the complaint that the defendants jointly executed and breached the contract sued upon, but rather the contract showed to the contrary. There was no amendment of the complaint, assuming such was possible under rules of pleading. The question of a variance between the allegations and proof was properly raised by objection to the admission of the contract into evidence. We do not need to decide under the circumstances here, whether Rule 34, Circuit and Inferior Courts would be applicable. If it were applicable, its provisions have been complied with. Appellant was entitled to have given the affirmative charge.

The action of the trial court in orally giving the general affirmative charge as to one of the defendants did not open any door to a judgment against the other. A joint cause of action was charged in the complaint. A joint cause of action was required to be proved. The defendants

were liable jointly or not at all. A judgment could not be rendered against one and not the other. Gamble v. Kellum, 97 Ala. 677, 12 So. 82; Jones v. Engelhardt, 78 Ala. 505; Cobb v. Keith, Smith & Co., 110 Ala. 614, 18 So. 325; Haines v. Cunha, 217 Ala. 73, 114 So. 679; Air Engineers, Inc. v. Reese, 283 Ala. 355, 217 So.2d 66.

The cases cited hold the rule stated to be applicable in spite of Sections 138, 139 and 239 of Title 7, Code of Alabama 1940. This Court finds the sagacity of the rule difficult to understand in view of the provisions of the statutes above referred to, but we are bound by the unequivocal prior decisions of the Supreme Court of Alabama.

Reversed and remanded.