376 So.2d 667 (1979)
B & M HOMES, INC., a corp.
v.
Thomas J. HOGAN et al.
Kenneth R. MORROW
v.
Thomas J. HOGAN et al.
77-797, 77-804.
Supreme Court of Alabama.
September 14, 1979.
As Modified on Denial of Rehearing November 2, 1979.
*669 Ray G. Riley, Jr. of McFadden, Riley & Parker, Mobile, for appellant B & M Homes, Inc.
Irvin J. Langford for Howell, Johnston, Langford, Finkbohner & Lawler, Mobile, for appellant Kenneth R. Morrow.
Fred W. Killion, Jr. and Stephen J. Flynn, Mobile, for appellees Thomas J. Hogan and Carol Ann Hogan.
EMBRY, Justice.
These appeals, consolidated pursuant to Rule 3(b) by stipulation of appellants/defendants B & M Homes, Inc. and Kenneth R. Morrow, are from a judgment in favor of appellees/plaintiffs Thomas J. Hogan and Carol Ann Hogan. The judgment was entered on a jury verdict for $75,000 reduced by remittitur to $50,000. Although the Hogans accepted the remittitur, B & M and Morrow appeal and the Hogans urge reinstatement of the original verdict. See Rule 59(f), ARCP.
*670 We affirm but reinstate the verdict in the full amount of $75,000.
The Hogans' action was submitted to the jury on two theories: (1) breach of a covenant, implied within their written purchase contract, to build their home in a workmanlike manner using first class materials; and (2) breach of an express warranty to build their home in substantial conformity to plans and specifications approved by the FHA (Federal Housing Administration) or the VA (Veterans Administration).
The issues are: (1) whether damages for mental anguish may be recovered in an action for breach of contract or breach of warranty to construct a house; (2) whether the trial court committed reversible error by admitting in evidence, over objection, certain hearsay testimony; (3) whether the trial court committed reversible error by failing to grant a directed verdict in favor of appellants on grounds of variance between appellees' pleadings and proof; (4) whether the trial court erred by admitting parol evidence as to B & M Homes' liability on the purchase contract; (5) whether the trial court committed reversible error by admitting evidence regarding appellees' VA financing; (6) whether the trial court erred by not entering summary judgment in behalf of, or directing a verdict for, appellant Morrow; and (7) whether the original jury verdict should be reinstated.
This is the second appeal to this court of this case. See B & M Homes, Inc. v. Hogan, 347 So.2d 1331 (Ala.1977). On the first appeal we reversed on the sole basis that a remittitur was ordered without affording the Hogans an opportunity to choose it or a new trial.
On remand a corrected order of remittitur was entered and the remitted judgment was accepted by the Hogans. Nonetheless, B & M Homes and Morrow each perfected their appeal.
The Hogans entered into a written agreement to buy both a lot and a house to be constructed on that lot. Both of them signed the agreement as purchasers, and appellant, Morrow, later signed as seller without any indication he was acting in a representative capacity. The agreed purchase price was $37,500. At the time of the execution of the contract, Morrow was secretary of B & M Homes, Inc., and acting as its agent. All negotiations by the Hogans were conducted with Morrow. The Hogans testified they thought they were buying the lot from Morrow because he indicated to them that he owned the lot. The evidence is undisputed that title to the lot in question was actually held by B & M Homes, Inc., when the purchase agreement was executed. There is also evidence there was a B & M Homes sign on the lot; but there is no evidence the Hogans saw such a sign, and Mrs. Hogan testified she did not recall seeing such a sign. The evidence shows that after the contract was executed the Hogans were made aware of the fact that B & M Homes was the builder of their home; however, they continued to direct all communications, complaints, and inquiries concerning it to Morrow. The evidence is undisputed that Morrow had actual authority to represent B & M Homes.
During the construction of the house, Mrs. Hogan discovered a hairline crack in the concrete slab that extended from the front porch through the den and informed Morrow of this. He informed her that such cracks were common and told her not to worry about it. B & M Homes completed construction of the house and the Hogans received a warranty of completion of construction signed by Morrow on behalf of B & M Homes. The Hogans then moved into the house. After they moved in they reported several defects in the house to Morrow and repairmen were sent to fix those defects. After a couple of months the crack in the slab widened and extended through the house causing severe damage.
Again, Morrow was notified. He sent a man to repair some of the damage caused by the crack in the slab; however, nothing was done to repair the slab itself. There is expert testimony to the effect the slab probably could not be permanently repaired. There is also testimony the defective slab seriously decreased the value of the house; the Hogans' expert witness testified *671 the defective slab made the house worthless. Evidence of what caused the crack in the slab is in conflict.

I
Appellants contend the trial court erred by failing to grant their motion to strike mental anguish as an element of damages from the Hogans' complaint. We find mental anguish a proper element of damages in this case.
As noted at the outset, the Hogans' case was submitted to the jury on two theories stated in separate counts: one for breach of an implied covenant, to their written purchase contract, to build their home in a workmanlike manner using first class materials; and one for breach of express warranty. In both counts, appellees alleged damages for mental anguish as follows:
"* * * the plaintiffs have suffered mental anguish and are still suffering mental anguish with regard to the condition of such home in that they fear for their safety in the house not being structurally sound; * * *."
At the close of the trial, B & M Homes filed a motion to strike the above allegation from both causes of action. The motion was denied. It can be assumed the jury awarded damages for mental anguish since the verdict was for $75,000 and the highest appraisal of the value of the house had it been built without defects was $42,500.
Evidence was introduced, over appellants' objection, that the Hogans were worried and concerned for their safety due to these facts: (1) the house was structurally defective and they believed its defective condition might cause the gas and water lines to burst; and (2) they were forced to live in the defective house because they could not afford to move.
In Alabama the general rule is that mental anguish is not a recoverable element of damages arising from breach of contract. Sanford v. Western Life Insurance Co., 368 So.2d 260 (Ala.1979); Stead v. Blue Cross-Blue Shield of Alabama, 346 So.2d 1140 (Ala.1977). This court, however, has traditionally recognized exceptions to this rule in certain cases. Sanford v. Western Life Insurance Co., supra; Stead v. Blue Cross-Blue Shield of Alabama, supra; Alabama Water Service Co. v. Wakefield, 231 Ala. 112, 163 So. 626 (1935); Becker Roofing Co. v. Pike, 230 Ala. 289, 160 So. 692 (1935); F. Becker Asphaltum Roofing Co. v. Murphy, 224 Ala. 655, 141 So. 630 (1932); Birmingham Water Works Co. v. Ferguson, 164 Ala. 494, 51 So. 150 (1909). The exceptions are stated in the following excerpt from F. Becker Asphaltum Roofing Co. v. Murphy, supra, which was quoted in Stead v. Blue Cross-Blue Shield of Alabama, supra:
"The general rule is that damages cannot be recovered for mental anguish in an action of assumpsit. Birmingham Water Works Co. v. Vinter, 164 Ala. 490, 51 So. 356. The ground on which the right to recover such damages is denied, is that they are too remote, were not within the contemplation of the parties, and that the breach of the contract is not such as will naturally cause mental anguish. Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689, 44 A.L.R. 1484. `Yet where the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, it is just that damages therefor be taken into consideration and awarded.' 8 R.C.L. p. 529, § 83; Southern Ry. Co. v. Rowe, 198 Ala. 353, 73 So. 634; McConnell v. United States Express Co., 179 Mich. 522, 146 N.W. 428, Ann.Cas. 1915D, 80; Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689, 44 A.L.R. 1484; Burrus v. Nevada-California-Oregon Ry. Co., 38 Nev. 156, 145 P. 926, L.R.A. 1917D, 750.
"Another exception is where the breach of the contract is tortious, or attended with personal injury, damages for mental anguish may be awarded. Vinson v. Southern Bell Tel. & Tel. Co., 188 Ala. 292, 66 So. 100, L.R.A. 1915C, 450.
"The facts of this case, if the plaintiff's evidence was believed, brings the case within these two exceptions.

*672 "The contract related to placing a roof on the plaintiff's residence, her `castle,' the habitation which she had provided to protect her against the elements, and to shelter her belongings that she thought essential to her comfort and well-being, the very things against which she made the contract to protect herself and her property, and as a result of the breach of the obligation which defendants assumed, the roof leaked to such extent that she was disturbed in her comfort, her household belongings were soaked with water, her house was made damp, she was made sick, as the jury were authorized to find. And the defendants, though repeatedly notified, took no steps to meet their obligation, were not only guilty of a breach of the contract, but were negligent in respect to the performance of the duty which it imposed on them. Charge 12 was therefore refused without error.
"She was also entitled to recover for inconvenience and annoyance, resulting proximately from such breach. Alabama Water Co. v. Knowles, 220 Ala. 61, 124 So. 96." 224 Ala. 655 at 657, 141 So. 630 at 631, quoted in 346 So.2d 1140 at 1143.
This case clearly falls within the first exception delineated in F. Becker Asphaltum. It was reasonably foreseeable by appellants that faulty construction of appellees' house would cause them severe mental anguish. The largest single investment the average American family will make is the purchase of a home. The purchase of a home by an individual or family places the purchaser in debt for a period ranging from twenty (20) to thirty (30) years. While one might expect to take the risk of acquiring a defective home if that person bought an older home, he or she certainly would not expect severe defects to exist in a home they contracted to have newly built. Consequently, any reasonable builder could easily foresee that an individual would undergo extreme mental anguish if their newly constructed house contained defects as severe as those shown to exist in this case. In any event, this court long ago set down the principle that the person who contracts to do work concerning a person's residence subjects himself to possible liability for mental anguish if that work is improperly performed and causes severe defects in that residence or home. The court clearly indicated this when it referred to the plaintiff's residence in F. Becker Asphaltum as "* * * her `castle,' the habitation which she had provided to protect her against the elements * * *." 224 Ala. at 657, 141 So. at 631. While such language might be dramatic, it is a clear indication that contracts dealing with residences are in a special category and are exceptions to the general damages rule applied in contract cases which prohibits recovery for mental anguish.
In the recent case of Hill v. Sereneck, 355 So.2d 1129 (Ala.Civ.App.1978), the Court of Civil Appeals dealt with the issue of damages for mental anguish where a builder had breached an agreement to build a residence in a workmanlike manner. The major defects in the house in Hill were almost exactly the same as the major defects in the house in this case. The appellate court in Hill found that cases of this type fall within the first exception set out in F. Becker Asphaltum and that evidence of mental anguish caused by such defects was relevant and admissible. The Hill court stated:
"* * * Such evidence was relevant to the first exception to the general proposition that damages cannot be recovered for mental anguish in a civil action for breach of contract. In instances where it is demonstrated that the breach of the contractual duty actually caused the complaining party mental anguish or suffering and that the breach was such that it would necessarily result in emotional or mental detriment to the plaintiff, damages for annoyance and inconvenience may be awarded." 355 So.2d at 1132.
We concur with the Court of Civil Appeals in the accuracy of the above statement. Appellants contend, that before recovery for mental anguish or suffering can be allowed, the mental anguish has to be corroborated by physical symptoms, i. e., becoming physically sick or ill. We reject *673 this contention. The cases have not required mental anguish to be corroborated by the presence of physical symptoms. This is demonstrated by the fact that the cases have allowed recovery for annoyance and inconvenience. See Alabama Water Service Co. v. Wakefield, supra; F. Becker Asphaltum Roofing Co. v. Murphy, supra; and Birmingham Water Works Co. v. Ferguson, supra. Appellees were only required to present evidence of their mental anguish, which they did; the question of damages for mental anguish then became a question of fact for the jury to decide.

II
Appellants' second contention is that the court committed reversible error by allowing in, over objection, certain hearsay evidence. The evidence in question involved the following testimony by Mr. Hogan concerning a statement made by an unidentified workman sent by appellant, Morrow, to repair certain cracks in appellees' home caused by the defective slab:
"Q Now did you ever bring that to the attention of the defendants?
"A Yes, sir.
"Q Did they come out and attempt to take care of any of that condition that you've been telling us about, please, sir?
"A Yes, sir.
"Q Would you tell the jury what they did, please, sir, in attempting to remedy that defect?
"A A young man came out with a caulking gun and he re-caulked it.
"Q Was there any conversation between that man and yourselfdid he make any statements about it?
"A Yes, he did.
"Q What was that, please, sir?
"MR. RILEY: Your Honor, I object to any hearsay statements.
"THE COURT: Who was itwho was he?
"MR. KILLION: This was the man sent out by the defendants, please, sir, to fix it?
"A By Mr. Morrow.
"THE COURT: You don't know his name?
"WITNESS: No, sir.
"THE COURT: He was an employee of Mr. Morrow?
"WITNESS: Yes, sir.
"THE COURT: Overrule the objection.
"MR. KILLION: What did he say to you, please, sir?
"A He says, `He's done this before,' and he says, `I'm just wasting my time; it will happen again.'"
Appellants contend it was error to admit such hearsay testimony. They state the general rule that statements of an agent are not binding as admissions upon his principal unless made within the scope of the authority of the agent, during the continuance of the agency, and in the discharge of the duties thereof. 29 Am.Jur.2d, Evidence, § 665. Appellants contend there was no showing the employee in question was acting for B & M Homes or that he was acting within the scope of his authority. They further contend the statement was prejudicial to their case because it tended to prove the cracks were irreparable and appellants had knowledge of them. Even if it be conceded the testimony was inadmissible, which the Hogans do not, we find its admission was harmless error because other testimony of the same substance had previously been admitted without objection or motion to exclude.
In Alabama the rule is that prejudicial error may not be predicated upon the admission of evidence which has been admitted at some other stage of the trial without objection or motion to exclude. Loftin's Rent-All, Inc. v. Universal Petroleum, 344 So.2d 781 (Ala.Civ.App.1977); Coker v. Ryder Truck Lines, 287 Ala. 150, 249 So.2d 810 (1971); and Turner v. Blanton, 277 Ala. 536, 173 So.2d 80 (1965). In this case, prior to the subject testimony of Mr Hogan, Mrs. Hogan had testified as follows:
"Q Let's go, please, m'am, towe've covered the cracks in the slab and that kind of thing; how about the walls of the interior of the house, have you noticed *674 "A The molding, where they meet, you know, that part in the den
"Q Kind of like that molding up here on this wall
"A Right. In the corners over the fireplace, it's partinghas big cracks in it.
"Q Have they come out and taken any action on that?
"A They did try to patch up with mortar, I guess, in some spots on the den ceilingit's a cathedral ceilinghe tried to patch it up but it just cracked right open; in fact, the guy who came out to repair it said, `This is silly; it's not going to hold.' He said, `It's going to'" (emphasis added)
This testimony of Mrs. Hogan was not objected to by appellants and was testimony of the same nature and about the same incident or occurrence as the testimony of Mr. Hogan. Because appellants did not object or move to exclude the testimony of Mrs. Hogan, the trial judge did not later commit reversible error when he let Mr. Hogan testify to a similar statement made during the same incident or occurrence.

III
B & M Homes' third contention is that the trial court committed reversible error by failing to grant B & M Homes' motion for directed verdict, as to appellees' two causes of action, on the ground of variance. In support of its contention appellant B & M Homes makes the following arguments:
(1) Jim Walter Corporation v. Gilbert, 47 Ala.App. 376, 255 So.2d 46 (1971), held that if a joint cause of action is charged in the complaint, then a joint cause of action must be proved. The defendants are either liable jointly or not at all; consequently, if a plaintiff suing joint defendants on a contract can only prove his case against one defendant, failure to prove the charge alleged against both defendants in the particular count of the complaint is a fatal variance which will entitle both defendants to a directed verdict, even against the defendant who has been proved liable.
(2) The Hogans' first cause of action is based on the contract of August 6, 1973, and the implied covenant therein to construct the house in a workmanlike manner using first class materials which was only signed by Morrow; therefore, only Morrow was liable on the contract.
(3) The Hogans' fourth cause of action for breach of warranty is based upon VA/FHA warranty contract which was signed by Kenneth R. Morrow as agent of B & M Homes, Inc.; consequently, only B & M Homes is liable on the warranty.
(4) Because the Hogans sued both Morrow and B & M Homes jointly in counts one and four, but only one defendant was liable on each contract, there is a fatal variance between pleading and proof; therefore, the Hogans' claims for breach of contract and breach of warranty must be dismissed under the authority of Jim Walter Corporation v. Gilbert, supra.
We reject the appellants' contention that the trial judge committed reversible error. The cases relied on in the Jim Walter Corporation case are all based on the harsh and strict rules of common law pleading. When this court adopted the Alabama Rules of Civil Procedure, it abolished the harsh technicalities of the old forms of pleading. The new rules are to be construed liberally to effect the purpose of the rules. The purpose of such rules as Rule 15 is to allow the maximum opportunity for the parties to state each claim and have those claims decided on the merits while insuring the parties have adequate notice of the issues to be tried. Vernon Carpet Mills v. Rossville Spinning Corp., 344 So.2d 1205 (Ala.1977); Hawk v. Bavarian Motor Works, 342 So.2d 355 (Ala.1977).
The appellees should have made a motion to amend their complaint as to cause of action four, as permitted by Rule 15(b), since the appellants objected to the VA/FHA warranty contract being introduced into evidence on grounds of variance; however, the trial court did not commit reversible error by admitting the contract or by denying B & M Homes' motion for *675 directed verdict because neither appellant was prejudiced. Even though the appellees did not amend their complaint as to the joint liability allegation in cause of action four, the trial judge corrected any possible error or prejudice by instructing the jury that only B & M Homes could be held liable for breach of the express written warranty. The trial court's instruction to the jury prevented Morrow from being prejudiced by the variance in the Hogans' complaint. Furthermore, the variance was not reversible error due to the fact the jury returned a general verdict against both defendants. The evidence was amply sufficient for the jury to have returned a verdict against both Morrow and B & M Homes on count one, for breach of contract. See Citizens Bank v. Routh, 351 So.2d 594 (Ala.Civ.App.1977). In this case, since the jury returned a verdict against both Morrow and B & M Homes, we will presume the jury found that both Morrow and B & M Homes breached their contract with the Hogans and thus based their verdict on the Hogans' cause of action one, which was a breach of contract allegation.
We further note that only B & M Homes contends the variance in the Hogans' complaint was reversible error. The variance could not have been prejudicial to B & M Homes since the evidence was sufficient so that the jury could have returned a verdict against B & M Homes on both counts. Likewise, there is no merit to B & M Homes' argument that there was a variance between the pleading and proof as to appellees' cause of action one since the evidence, as will be discussed later, was sufficient to prove that both B & M Homes and Morrow could be held liable for breach of the implied covenant to build the house in a workmanlike manner.
Appellant, B & M Homes, further contends the trial judge committed reversible error by allowing appellees to amend their complaint, after the trial began, by adding a description of certain additional minor defects and by refusing to grant their motion for a continuance. There is no merit in this contention. Rule 15, ARCP, clearly permits liberal amendment of pleadings. Further, the grant or denial of a motion to amend or a request for continuance is a matter within the discretion of the trial court, subject to reversal on appeal only where there is an abuse of discretion. Walker v. Traughber, 351 So.2d 917 (Ala. 1977). We find no evidence that appellants were prejudiced or that the trial court abused its discretion by allowing the amendment. The record is clear that appellants had actual knowledge before trial of the claimed defects which were added to the allegations of the complaint by the amendment.

IV
B & M Homes contends the trial court committed error by admitting parol evidence to show that B & M Homes was a party to the purchase contract because Morrow was acting as its agent when he executed it. We need not address this contention because B & M Homes admitted in its answer that Morrow was at all times acting as its agent. The trial court committed no error by admitting in evidence facts which B & M Homes had already admitted. See Watson v. McGee, 348 So.2d 461 (Ala.1977).

V
B & M Homes asserts the trial court committed reversible error by admitting evidence which disclosed that appellees had financed their house with VA financing and they would not be able to obtain future VA financing for the purchase of another home. B & M Homes objected to such evidence as being immaterial and irrelevant. We cannot agree with this contention. Damages for breach of contract or warranty should restore the injured party to the condition he or she would have occupied if the contract had not been breached, or had been fully performed. Geohagan v. General Motors Corp., 291 Ala. 167, 279 So.2d 436 (1973). VA financing is a pecuniary benefit to those eligible to receive it because of the low interest rate applicable to the loan. Consequently, evidence as to the Hogans' inability to obtain additional *676 VA financing was relevant because other evidence disclosed the house could not be repaired; thus, the probability the Hogans would be compelled to purchase another.
We also reject the argument by B & M Homes that appellees did not prove their damages. There is ample evidence in the record to authorize the jury to arrive at the amount of damages reflected by its verdict.

VI
Appellant Morrow contends the trial court should have either entered summary judgment for him or directed a verdict in his favor. He contends that he and B & M Homes both could not be liable on the purchase contract. We do not agree.
The cases relied on by Morrow are cases involving a disclosed principal where the agent contracts merely as the agent of a disclosed principal. It is clear in Alabama the agent for a disclosed principal can personally bind himself to the contract if he intends to add his personal guarantee. Chandler v. Hunter, 340 So.2d 818 (Ala.Civ. App.1976). See Sealy v. McElroy, 288 Ala. 93, 257 So.2d 340 (1972). Here there was sufficient conflicting testimony to create a jury question as to whether Morrow personally guaranteed the purchase contract. The issue of Morrow's liability was also properly submitted to the jury because from the evidence it is questionable whether Morrow disclosed he was acting as an agent at the time appellees signed the purchase contract. The fact Morrow signed the purchase contract in his own name would indicate he did not disclose he was acting as an agent. It is a well settled principle of law that an agent who executes a contract on behalf of an undisclosed principal is liable on that contract if he fails to disclose the identity of his principal at the time of making the contract. 3 Am.Jur.2d, Agency, § 317. Furthermore, the fact Morrow signed the contract in his own name could in itself create personal liability on his part. See Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284 (1917); 3 Am.Jur.2d, Agency, §§ 188-192. We, therefore hold it was not error to submit to the jury the question of Morrow's liability on appellees' cause of action for breach of contract.

VII
The final question we address is whether the original jury verdict of $75,000 should be reinstated. We consider that it should. Only when it is shown that a verdict is based on bias, passion, prejudice, corruption or other improper motive does a court have authority to order a remittitur. The verdict may not be set aside because the trial court is of the opinion the jury awarded too much. Central of Georgia Railway Co. v. Steed, 287 Ala. 64, 248 So.2d 110 (1971). The trial judge may not substitute his personal preference for the judgment of the jury. Holcombe v. Whitaker, 294 Ala. 430, 318 So.2d 289 (1975). We find the jury award of $75,000 neither excessive nor based upon improper motive, prejudice, bias, passion or corruption. We, therefore, reinstate the original jury award of $75,000 and direct that the judgment be modified accordingly.
For the reasons assigned the jury award of $75,000 is due to be, and is hereby, reinstated and the judgment below is hereby directed to be modified to that extent and is hereby affirmed as modified.
MODIFIED AND AFFIRMED.
BLOODWORTH, FAULKNER and ALMON, JJ., concur.
TORBERT, C. J., concurs specially.
TORBERT, Chief Justice, concurring specially:
I agree with the result reached by the majority, but I feel the time has come for this court to recognize that the Alabama Rules of Civil Procedure explicitly, as well as implicitly, abrogate the archaic common law pleading rule that where a joint cause of action is alleged in the complaint a joint cause of action must be proved or the case must be dismissed because of the fatal variance between the pleading and proof.
*677 The majority of this court rejects the appellants' contention that the trial court committed reversible error by denying appellant B & M Homes' motion for a directed verdict on the ground of variance. The appellants rely on Jim Walter Corporation v. Gilbert, 47 Ala.App. 376, 255 So.2d 46 (1971), for the proposition that where a joint cause of action is charged in the complaint, a joint cause of action must be proved and in such a case a judgment can not be rendered against one defendant and not the other. The majority of the court correctly rejects this argument and takes note that:
The cases relied on in the Jim Walter Corporation case are all based on the harsh and strict rules of common law pleading. When this court adopted the Alabama Rules of Civil Procedure, it abolished the harsh technicalities of the old forms of pleading. The new rules are to be construed liberally to effect the purpose of the rules.
I agree with the above language, but I want to take the further step of pointing out that Rule 20 ARCP which became effective on July 3, 1973, after the Jim Walter Corporation case was released, specifically abrogates this common law rule of variance stated in the Jim Walter Corporation opinion:

Rule 20.

Permissive joinder of parties.
(a) Permissive joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A PLAINTIFF OR DEFENDANT NEED NOT BE INTERESTED IN OBTAINING OR DEFENDING AGAINST ALL THE RELIEF DEMANDED. JUDGMENT MAY BE GIVEN FOR ONE OR MORE OF THE PLAINTIFFS ACCORDING TO THEIR RESPECTIVE RIGHTS TO RELIEF, AND AGAINST ONE OR MORE DEFENDANTS ACCORDING TO THEIR RESPECTIVE LIABILITIES. [Emphasis added]
The committee comments to this rule state that the purpose of the rule is to "prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit of all parties directly interested in the controversy despite technical objections previously existing in many situations." See also Hooper v. Huey, 293 Ala. 63, 300 So.2d 100 (1974). It is obvious that this variance rule, by requiring a joint cause of action to be proved where a joint cause is alleged in the complaint or the entire action dismissed, encourages multiplicity of suits and is one of the "technical objections previously existing" which this rule was intended to abrogate.

ON REHEARING
EMBRY, Justice.
The original opinion is hereby modified by striking the concluding paragraph and substituting therefor the following: For the reasons assigned, the original verdict and judgment of $75,000 are hereby reinstated by the judgment of this court. The trial court in all other respects is hereby affirmed.
APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.