The defendant, Independent Fire Insurance Co. ("Independent"), appeals from a judgment based on a jury verdict in favor of the plaintiffs, Randall and Betty Lunsford, on a two-count complaint alleging breach of contract and bad faith (case 1911677). We affirm in part; reverse in part; and render a judgment for the defendant on the bad faith claim. The Lunsfords cross appealed, complaining of the court's denial of a directed verdict on their contract claim (case 1911807). Because they now concede that any error in denying the directed verdict would be "harmless error," we dismiss the cross appeal.
The record indicates the following facts pertinent to Independent's appeal.
In 1986, the Lunsfords purchased from Independent an insurance policy to cover a mobile home they owned. The mobile home was not a primary residence, but was used occasionally by relatives of theirs. The policy provided standard coverage for loss, subject to certain exclusions.
In February 1990, a windstorm damaged an awning attached to the mobile home. The Lunsfords notified the Elmer Tallant Agency, which in turn reported the damage to Independent. Independent retained Capitol Adjustment Company of Montgomery to handle the loss. An adjuster for Capitol Adjustment inspected the mobile home and sent a letter describing the loss, along with photographs, to Independent. Independent denied the claim, based on a windstorm exclusion endorsement on the Lunsfords' policy. That endorsement excluded coverage as to windstorm or hail damage to "canopies, awnings constructed of cloth, vinyl or canvas and other awnings not permanently attached to the mobile home."
The Lunsfords sued Independent and Capitol for damages, alleging breach of their insurance contract, arising out of Independent's denial of their claim, and alleging a bad faith refusal to pay. Capitol Adjustment was dismissed voluntarily at the close of the plaintiffs' evidence. The jury returned a verdict for the Lunsfords in the amount of $25,000 in compensatory damages on the breach of contract count and $100,000 in punitive damages on the bad faith count. The court entered a judgment on that verdict.
The issues presented are whether the evidence supported the finding that Independent's refusal to honor the claim was a bad faith refusal; whether the evidence supported the finding of a breach of contract; and if so, whether the evidence supported the jury's awards of damages.
According to National Security Fire Casualty Co. v. Bowen,417 So.2d 179, 183 (Ala. 1982), the plaintiff in a bad faith refusal case has the burden of proving:
 "(a) An insurance contract between the parties and a breach thereof by the defendant;
 "(b) An intentional refusal to pay the insured's claim;
 "(c) The absence of any reasonably legitimate or arguable reason for that refusal;
 "(d) The insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) If the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim."
The insurance policy issued to the Lunsfords was subject to an exclusion for windstorm damage to awnings. The exclusionary language in Form IMH-511 reads: "Windstorm or hail. To any of the following property: . . . (g) canopies, awnings constructed of cloth, vinyl or canvas and other awnings not permanently attached to the mobile home." *Page 979 
The awning attached to the Lunsfords' mobile home was made of cloth or vinyl and was supported by an aluminum frame. In February 1990, a windstorm tore the awning and bent the frame. After inspecting the awning for 20 to 25 minutes, the adjuster from Capitol determined that "wind destroyed cloth awning and its frame."
The burden of proof was on the Lunsfords to show, by substantial evidence, "[t]he absence of any reasonably legitimate or arguable reason for refusal" of their claim.Bowen. Thus, in the absence of substantial evidence that an insurer lacked a "reasonably legitimate or arguable" reason to deny coverage, a trial court errs by submitting the issue of bad faith to the trier of the facts. § 12-21-12(a), Ala. Code 1975.
Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co., 547 So.2d 870,871 (Ala. 1989).
We conclude that the Lunsfords did not meet their burden of showing substantial evidence of "the absence of any reasonably legitimate or arguable reason for refusal" of their claim. It is undisputed that the awning was made of vinyl or cloth and was supported by an aluminum frame.
The Lunsfords argue that the awning was permanently attached to the house trailer and was constructed primarily of metal and, therefore, was not subject to the exclusion. However, no fair-minded person in the exercise of impartial judgment could reasonably infer that Independent lacked an arguable basis for denying the claim. Independent's interpretation of the exclusionary language in the insurance policy was, at least, "reasonable."
As to the breach of contract claim, the jury awarded the Lunsfords $25,000 in compensatory damages. The estimate to replace the damaged awning was $1603.68; the balance of the award represents damages for mental anguish. According toOrkin Exterminating Co. v. Donavan, 519 So.2d 1330 (Ala. 1988), citing B M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979), a plaintiff may recover damages for mental anguish if the jury is satisfied "that the contractual duties imposed by this contract are so coupled with matters of mental solicitude as to the duty that is owed, that a breach of that duty will necessarily or reasonably result in mental anguish." The Lunsfords maintained the insurance policy for more than four years by paying the premiums when due. After discovering the damage to the awning, they properly notified the Elmer Tallant Agency, which then notified Independent. After an inspection of the damaged awning, an Independent agent notified the Lunsfords that the claim would be denied.
Mr. Lunsford testified at trial concerning the mental anguish he and his wife claimed to have suffered as a result of the denial of their insurance claim. That evidence presented a question for the jury.
We agree with the trial court that the evidence supported the jury's award of compensatory damages for breach of contract, including damages for mental anguish. However, the trial court erred in denying a directed verdict for the defendant on the bad faith claim. Therefore, we affirm that portion of the judgment awarding compensatory damages for breach of contract; but we reverse that portion awarding punitive damages on the bad faith claim, and on that claim we render a judgment for the defendant.
1911677 — AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED FOR THE DEFENDANT ON THE BAD FAITH CLAIM.
1911807 — DISMISSED.
HORNSBY, C.J., and SHORES, ADAMS and HOUSTON, JJ., concur.
MADDOX and INGRAM, JJ., concur in part and dissent in part.