This case involves the construction of a house on a three-acre lot owned by Willam M. Lykens, Jr., and Tina D. Lykens, husband and wife (homeowners). The homeowners entered into an agreement with Walker Builders, Inc. (Walker), to "frame-up" the house, to install the windows and doors, to install the vinyl siding, to "roof" the house, to hang the sheetrock, to install the plumbing, to build the fireplace, to install the floor coverings, and to build a back deck, with materials which Walker supplied.
On several occasions the homeowners contacted Walker to request that certain necessary repairs and corrections be made. When their verbal requests failed to get results, Mr. Lykens wrote a letter to Walker, setting out the numerous defects in the house and requesting that the defects be repaired or corrected. When this letter failed to obtain the desired result, the homeowners filed suit, alleging that Walker breached their agreement, failed to perform the work in a workmanlike manner, and failed to provide materials of good quality.
Walker filed a counterclaim, alleging that the homeowners owed $8,231.35 for work, labor, and materials supplied. A jury trial was held, and the jury returned a verdict in favor of the homeowners on their complaint in the amount of $20,000. The jury also returned a verdict in favor of the homeowners on Walker's counterclaim.
Walker appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6). We affirm.
Walker raises six issues, which can be summarized into two dispositive questions: Can the homeowners recover damages for mental anguish against Walker if mental anguish was not specially pleaded? Does the evidence in this case support the verdict?
Walker contends that in a breach of contract case, mental anguish, annoyance, or inconvenience are special damages which must be specially pleaded. Walker further argues that since the complaint filed by the homeowners did not specifically request damages for mental anguish, annoyance, or inconvenience, such damages cannot be recovered in this case.
The difference between general damages and special damages has been addressed previously. This court stated:
 "General damages are those that naturally and necessarily flow from a wrongful act; special damages are those that flow naturally, but not necessarily, from the wrongful act."
McLendon Pools, Inc. v. Bush, 414 So.2d 92, 94 (Ala.Civ.App. 1982) (citations omitted).
We note that it is generally accepted that mental anguish is not a recoverable element of damages in a breach of contract case. B M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979). However, damages for mental anguish have been considered, and compensation for such damages has been awarded in breach of contract cases when
 " 'the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering.' "
Liberty Homes, Inc. v. Epperson, 581 So.2d 449, 454 (Ala. 1991) (citations omitted) (quoting earlier cases). See also B MHomes, Inc., 376 So.2d 667, 671, and Hill v. Sereneck,355 So.2d 1129, 1132 (Ala.Civ.App. 1978).
The purchase of a home is the largest single investment that the average American family will make. One could reasonably foresee that faulty construction of their new home would cause a family to suffer severe mental anguish. B MHomes, Inc., 376 So.2d 667.
Based upon the foregoing, in breach of contract cases where mental anguish is an element of damages, it is considered to be general damages and does not have to be specially pleaded. Rule 9, A.R.Civ.P. Therefore, the first question, under appropriate circumstances, can be answered in the affirmative. The present case involves the construction of a new home, and mental anguish is an element of damages in this breach of contract action. *Page 925 
Now we will consider the question of whether the evidence in this case supports the verdict. Stated another way, was there evidence of mental anguish?
Initially, we note that there does not have to be any presence of physical symptoms to document the mental anguish. In fact, the courts have allowed compensation to be awarded in cases where it was demonstrated that the wronged party suffered annoyance and inconvenience as a result of the breach. The only requirement is that the aggrieved party present evidence of his mental anguish resulting from the breach. Once such evidence is presented, the question of damages for mental anguish becomes a question of fact, which must be decided by the jury. B M Homes, Inc., 376 So.2d 667.
There was testimony regarding the defects the homeowners found in the house. These defects included exterior siding which was not properly installed and aligned so that it bowed out; windows that leaked; exterior doors that were not properly installed; French doors that leaked; spots and buckling of the vinyl flooring caused by water leaks; squeaky floors; sheetrock that was coming off the wall; sheetrock that was not hung properly on the ceilings; water supply lines and waste water drain lines that leaked; water lines that were not supported at all or improperly supported; and 2' x 10' timbers that were knotty, cracked, and chipped. We note that both the homeowners and Walker introduced photographs of these defects into evidence.
There was testimony that the cost of repairing the defects in this home ranged from $1,000 to $15,000. There was also testimony that the home had been appraised in the $80,000 range.
There was testimony that the homeowners were annoyed, aggravated, and upset about all the things that were not done correctly. The testimony indicated that, although they had tried to get defects repaired or corrected through the man with whom they had dealt at Walker, they were unsuccessful. Consequently, they did the repair work (that they could do) themselves. In addition, there was testimony that the homeowners were upset when one of the back steps, which had been constructed by Walker with materials it had furnished, broke while Mrs. Lykens was going down the steps, causing her to fall. Mrs. Lykens had to seek medical attention as a result of this fall.
There was evidence presented that Walker had breached its agreement with the homeowners and that the homeowners had suffered mental anguish as a result of the defects found in their newly constructed home. In light of the above testimony, there was evidence to support the jury's verdict in this case. Liberty Homes, Inc., 581 So.2d 449. Therefore, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.