Essie **MATTHEWS**, et al., Plaintiffs,

v.

**FLEETWOOD HOMES OF GEORGIA**, et al., Defendants.

No. CA 00–0057–CB–C.[1]

United States District Court,
S.D. Alabama,
Northern Division.

March 22, 2000.

---

**1.** This case originally began on the undersigned's opt-out docket. (*See* Docs. 1–17 (pleadings reflect case number 00–0057–MJ–C, which designates the undersigned as the trial judge in the case)) However, on or about February 9, 2000, one of the parties requested reassignment of this case to a district judge for final disposition. (*Compare* Doc. 17

Garve Ivey Jr., Ivey & Ragsdale, Jasper, AL, for Essie Matthews.

Allison Shelley, Ivey & Ragsdale, Jasper, AL, for Mareclla Matthews.

Michael L. White, Montgomery, AL, for Fleetwood Homes of Georgia, Inc.

K. Phillip Luke, Hall, Conerly, Mudd & Bolvig, P.C., Birmingham, AL, for WLS, Inc.

Frank C. Morriss, Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, AL, for Conseco Finance Corp.

## ORDER

BUTLER, Chief Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated February 29, 2000 is **ADOPTED** as the opinion of this Court.

## REPORT AND RECOMMENDATION

CASSADY, United States Magistrate Judge.

This cause is before the undersigned for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on plaintiffs' motion to remand (Doc. 14), defendant WLS, Inc.'s response to the remand motion (Doc. 17), and plaintiffs' reply memorandum in support of the motion to remand (Doc. 18).[2] Upon consideration of the contents of all pleadings in this case, the undersigned recommends that this Court remand this case to the Circuit

---

(WLS, Inc.'s February 7, 2000 response to the plaintiffs' motion to remand reflects civil action number of 00–0057–MJ–C) *with* Doc. 18 (plaintiffs' reply memorandum in support of the motion to remand reflects reassignment of case to Chief Judge Charles R. Butler, Jr., as civil action number is 00–0057–CB–C)) In accordance with that reassignment, the undersigned enters the report and recommendation herein.

2. Five days following WLS, Inc.'s January 19, 2000 filing of the removal petition (Doc. 1), defendant Conseco Finance Corp.--Alabama ("Conseco") filed a motion to compel arbitration (Doc. 6). The undersigned entered an order on January 26, 2000, notifying the parties that this motion would come under submission on February 9, 2000 and that oral argument on the motion would be conducted on February 25, 2000. (Doc. 9) Prior to the

submission date, plaintiffs filed their motion to remand (Doc. 14), defendant WLS, Inc. filed a motion to compel arbitration (Doc. 15), plaintiffs filed a motion to stay ruling on the motions to compel arbitration (Doc. 16) and defendant WLS, Inc. filed its response to the remand motion (Doc. 17). In the motion to stay ruling on the motions to compel arbitration, plaintiffs contended that inasmuch as this Court does not have subject matter jurisdiction it could not decide the motions to compel arbitration. (Doc. 16)

It is clear in this circuit that when the issue of subject matter jurisdiction has been joined in the district court, the court first must determine that it can exercise subject matter jurisdiction before substantively addressing motions to compel arbitration. *See Boyd v. Homes of Legend, Inc.,* 188 F.3d 1294, 1300 (11th Cir.1999) ("Instead of entertaining mo-

Court of Dallas County, Alabama from whence it came.

## FINDINGS OF FACT

1. On December 17, 1999, Essie M. Matthews and Marcella Matthews filed a twenty-count complaint in the Circuit Court of Dallas County, Alabama, against Conseco Finance Corporation–Alabama ("Conseco"), WLS, Inc., and Fleetwood Homes of Georgia ("Fleetwood"), alleging various causes of action arising out of their purchase of a new mobile home. (Doc. 1, COMPLAINT) Count one of the complaint alleges a breach of warranty by defendant Fleetwood and prays for damages "not to exceed Forty Thousand Dollars ($40,-000.00)." (*Id.*, at 4)

2. This action was removed by the defendants to this Court on January 19, 2000, on the basis that this Court has original federal question jurisdiction of plaintiffs' claims under the provisions of 28 U.S.C. § 1441 since the complaint includes claims governed by and necessarily arising under the Magnuson–Moss Warranty–Federal Trade Commission Improvement Act ("Magnuson–Moss Warranty Act"), 15 U.S.C. § 2301, *et seq.* (Doc. 1, NOTICE OF REMOVAL) Attached as an exhibit to the Notice of Removal is the Manufactured Home Retail Installment Contract and Security Agreement signed by Marcella Matthews and marked by Essie Matthews on January 17, 1986, showing the total contract price of the mobile home (i.e, the purchase price and the finance charges)to be $41,069.60. (Doc. 1, Exhibit D)

3. Plaintiffs filed their motion to remand on January 31, 2000, asserting therein that this Court's jurisdiction under the Magnuson–Moss Warranty Act has not

been implicated because that act confers federal jurisdiction only over warranty claims in which the amount in controversy equals or exceeds $50,000, exclusive of interest and costs, and the complaint expressly limits the claim for breach of warranty to $40,000. (*See* Doc. 14, at 2–3) Defendant WLS, Inc. filed its response to the remand motion on February 7, 2000, and therein set forth its reasons why the Magnuson–Moss Warranty Act amount in controversy has been met in this case. (Doc. 17)

4. Counsel for all of the defendants were present for oral argument on February 25, 2000; plaintiffs' counsel was not present for oral argument.

## CONCLUSIONS OF LAW

1. "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996), citing 28 U.S.C. § 1441(a). "[T]he removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998) (citation omitted); *Tapscott, supra.*

2. As previously stated, the defendants removed this case solely on the basis of federal question jurisdiction under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, which sets out minimum standards for warranties issued by consumer products manufacturers. The Act limits federal jurisdiction to cases where the amount in controversy exceeds $50,000, exclusive of interests and costs. 15 U.S.C. § 2310(d)(3)(B) ("No claim shall be cognizable in a suit brought under paragraph

tions of the manufacturer and the dealer ... to compel arbitration, and to stay further proceedings pending arbitration, the court should have remanded these cases to Alabama circuit court based on want of subject matter jurisdiction"). Accordingly, the un-

dersigned heard oral argument from counsel for the defendants, on February 25, 2000, solely on the issue of whether this Court may exercise subject matter jurisdiction in this case.

(1)(B) of this subsection—(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]").

3. The Eleventh Circuit has clearly held that "the amount in controversy for purposes of § 2310(d)(3)(B) does not include damages flowing from any pendent state law claim brought by a plaintiff." *Ansari v. Bella Automotive Group, Inc.,* 145 F.3d 1270, 1272 (11th Cir.1998). Accordingly, in determining whether the amount in controversy exceeds $50,000, exclusive of interests and costs, the undersigned focuses on the lone Magnuson–Moss Warranty Act claim asserted by the plaintiffs in their complaint and does not consider the damages flowing from the numerous state law claims asserted by the plaintiffs. *See id.*

4. In Count One of the complaint, plaintiffs alleges a breach of warranty by defendant Fleetwood and seeks "damages not to exceed Forty Thousand Dollars ($40,000.00)." [3] Because the complaint sets forth an amount below the jurisdictional minimum contained in the Magnuson–Moss Warranty Act, this case must be remanded unless the defendants can prove to a legal certainty that the amount in controversy actually exceeds $50,000. *See Burns v. Windsor,* 31 F.3d 1092, 1095 (11th Cir.1994) (in diversity case court held that where a plaintiff expressly limits the claim for damages to less than the jurisdictional minimum, the defendant must prove to a legal certainty that plaintiff's claim must exceed the jurisdictional minimum). The defendants attempt to show that the plaintiffs' breach of warranty claim exceeds the jurisdictional minimum by pointing out that the installment contract re-

flects the total price of the mobile home to have been $41,069.60 (*see* Doc. 1, Exhibit D) and that Alabama law allows recovery of damages for mental anguish in breach of warranty cases, *Liberty Homes, Inc. v. Epperson,* 581 So.2d 449, 454 (Ala.1991) (mobile home purchasers recovered damages for mental anguish on breach of contract claim); *see also Volkswagen of America, Inc. v. Dillard,* 579 So.2d 1301, 1306–1307 (Ala.1991) (mental anguish damages recoverable in breach of warranty action relating to sale of a new automobile).

5. It is all too clear that this court must look to Alabama law in determining the damages available to plaintiffs under the Magnuson–Moss Warranty Act. *Boyd, supra,* 188 F.3d at 1298 ("The answer to th[e] question [of availability of punitive damages] depends on the remedies the law of Alabama, where the purchasers bought their mobile homes, provides in breach of warranty cases"). In looking at Alabama law, there are two problems apparent with the defendants' arguments. First, while the total contract price for the Matthews' mobile home was $41,069.60, the actual purchase price of the home was $18,583.00, with the finance charges being $22,486.60. Under Alabama law, damages recoverable under a breach of warranty claim are measured by "the difference ... between the value of the goods accepted and the value they would have had if they had been as warranted, ... plus incidental and consequential damages." Ala.Code § 7–2–714 (1975) Chief Judge Butler has recently held that interest and finance charges cannot be characterized as incidental or consequential damages (Doc. 14, *Bell v. Blue Ribbon Homes Super Center, Inc.,* CA 99–0535–CB–M (S.D.Ala. August 19, 1999), citing Ala.Code § 7–2–715); *see Boyd, su-*

---

3. Though Count Eight of the complaint, a fraud claim, makes specific mention of the Magnuson–Moss Warranty Act (*see* Doc. 1, COMPLAINT, at 9–11), the defendants have failed to cite to any authority that this claim falls within the scope of the federal statute as opposed to state law. Because it is the defendants' burden to establish federal jurisdiction and they have cited no case law in this regard, the undersigned does not hesitate in finding that federal jurisdiction has not been shown.

*pra*, 188 F.3d at 1296–1297 (even though purchasers requested in their *ad damnum* clauses compensatory and punitive damages in excess of $10,000 they contended and the district and circuit courts accepted that the measure of compensatory damages was the purchase prices of their mobile homes), and therefore, it appears clear that the value of the plaintiffs' breach of warranty claim is not the $41,069.60 claimed by the defendants but, at best, the $18,583.00 purchase price of the mobile home. Moreover, even though the Alabama Court of Civil Appeals has held that "in breach of contract cases where mental anguish is an element of damages, it is considered to be general damages and does not have to be specially pleaded[,]" *Walker Builders, Inc. v. Lykens, Inc.*, 628 So.2d 923, 924 (Ala.Civ.App.1993), the plaintiffs in this case and their attorney have represented to this Court that plaintiffs will neither seek nor accept an amount in excess of $40,000 on the breach of warranty claim (*compare* Doc. 14, at ¶ 6 *with* Doc. 1, COMPLAINT, at 4).[4] Accordingly, the plaintiffs have limited their total compensatory request (i.e., the purchase price of the mobile home and mental anguish damages, if any) for the breach of warranty claim to an amount not in excess of $40,000. Because the defendants have cited no case law that prevents a plaintiff from limiting the amount of compensatory damages he/she will accept and there is no indication that the Alabama trial court will have any difficulty in charging the jury that the plaintiffs are limited to a total compensatory damage award of no more than $40,000 on their breach of warranty claim, the undersigned recommends that

this case be remanded to the Circuit Court of Dallas County, Alabama.[5] The defendants have not proved to a legal certainty that the plaintiffs' Magnuson–Moss Warranty Act claim exceeds $50,000. To the contrary, plaintiffs and their attorney, have proven to a legal certainty that this claim does not exceed $40,000.

6. In the remand motion, plaintiffs' counsel, Barry Ragsdale, Esquire, inserted a request for an award of "costs and reasonable attorney's fees associated with responding to the Defendants' removal[.]" (Doc. 14, ¶ 7, citing 28 U.S.C. § 1447(c)) This Court need not address this conclusory request for costs and fees beyond summarily recommending that it be **DENIED** since plaintiffs' counsel was not present for oral argument on February 25, 2000 and therefore, offered no proof of the costs and fees associated with responding to the defendants' removal.

### CONCLUSION

The undersigned recommends that the plaintiff's motion to remand be **GRANTED** and that this case be remanded to the Circuit Court of Dallas County, Alabama from whence it came.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection.* Any party who objects to this recommendation or anything in it

---

4. This Court need caution the plaintiffs "that if they later amend the complaint to seek damages in excess of this court's jurisdictional threshold, that upon application to this court, *sanctions will be swift in coming and painful upon arrival.*" (Doc. 14, *Moore v. C & J Manufactured Homes, Inc.*, CA 99–0764–RV–S (S.D.Ala. November 30, 1999), citing *State Farm Fire & Casualty Co. v. Dunnam*, No. 90–0090–BH (S.D.Ala. May 16, 1990)).

5. The Circuit Court of Dallas County is the proper court to determine whether this case should be transferred to the Circuit Court of Chilton County, Alabama. The pending motions to compel arbitration must then be decided by whichever Alabama circuit court has jurisdiction of this case.

must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

*2. Transcript (applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.