I concur in that portion of the majority opinion holding that the plaintiffs failed to *Page 980 
offer substantial evidence of a bad faith failure to pay an insurance claim, but I must respectfully dissent from that portion affirming the award of damages for mental anguish arising out of the breach of this noncommercial insurance contract.
The law in this state is clear that there can be no recovery "for personal injury, inconvenience, annoyance or mentalanguish and suffering in an action for breach of a contract ofinsurance." Vincent v. Blue Cross-Blue Shield of Alabama, Inc.,373 So.2d 1054, 1056 (Ala. 1979) (emphasis added); see, e.g.,United Services Auto Ass'n v. Wade, 544 So.2d 906, 913 (Ala. 1989); Aetna Life Insurance Co. v. Lavoie, 505 So.2d 1050, 1056
(Ala. 1987) (Maddox, J., concurring specially); Sanford v.Western Life Insurance Co., 368 So.2d 260, 263-64 (Ala. 1979);Stead v. Blue Cross-Blue Shield of Alabama, 346 So.2d 1140,1143 (Ala. 1977) (quoting F. Becker Asphaltum Roofing Co. v.Murphy, 224 Ala. 655, 657, 141 So. 630, 631 (1932)); AlabamaFarm Bureau Mutual Casualty Insurance Co. v. Smith,406 So.2d 913, 916 (Ala.Civ.App.), cert. denied, 406 So.2d 916 (Ala. 1981).
The result reached in this case shows why I believe that we should re-examine the rule of law that permits an insured to sue for a bad faith failure to pay, and should permit, instead, an insured to recover consequential damages and attorney fees upon a showing that an insurer has failed to pay a claim, without just cause. I have believed for several years that this Court should adopt an alternative to the bad faith claim. See my dissenting opinion in Continental Assur. Co. v. Kountz,461 So.2d 802 (Ala. 1984) (Maddox, J., dissenting), where I discussed the development of the tort of bad faith and why I thought that either this Court or the Legislature should provide an alternative to the tort of bad faith failure to pay a noncommercial insurance claim, by permitting the recovery of attorney fees and consequential damages when a policyholder was forced to go to court in order to establish entitlement to insurance benefits.
In the Kountz dissent, I noted that this Court should probably consider expanding the rule of law relating to the recovery of contractual damages in noncommercial insurance contract cases, and in a footnote to that case I suggested that the Legislature might wish to address the problem by adopting legislation.[1] In that dissent, I also said that "in the absence of legislation, I would favor a rule of law which would allow the recovery of consequential damages, including reasonable attorneys' fees, when a party is forced to go to court to establish his claim under an insurance policy."461 So.2d at 812. I further said that "in our scheme of government, policy questions like [those presented in a bad faith failure to pay case], especially since they involve the heavily regulated insurance industry, should properly be addressed by the Legislature."[2] 461 So.2d at 812.
I spelled out in the Kountz dissent why I thought this Court should consider a rule allowing extracontractual damages:
 "Another concern of mine is the fact that because of this Court's adoption of the 'bad faith' tort, there very well may be instances when insurance companies pay claims which factually should be denied; nevertheless, the company opts to pay rather than face the possibility of a lawsuit. If those instances do occur, then premiums for all other policyholders necessarily rise to offset these added costs. On the other hand, there no doubt are instances when companies require policyholders to resort to a court suit, even though the factual basis for denial of a claim is questionable. The fairest *Page 981 
rule, it would appear to me, in view of these two policy considerations, would be one which would allow any party to a non-commercial insurance contract, who is forced to go to court in order to recover his contract claim to recover his consequential damages as well, including reasonable attorneys' fees."
461 So.2d at 813. The same public policy considerations that concerned me and other members of the Court in Chavers v.National Security Fire Casualty Co., 405 So.2d 1, 7 (Ala. 1981), when the tort was recognized, continue to concern me. Those public policy considerations are: What type of remedy should be employed when an insurer fails to pay a valid claim made by its insured? What is the measure of damages? Should this Court be deciding these public policy issues?
The failure of insurers to promptly pay what policyholders consider just claims is of great public concern. That concern is evidenced by the proliferation of cases in which policyholders seek not only redress under the contract, but also punitive damages under a "bad faith" theory. Juries, like this jury, are responding with verdicts of such magnitude that insurers are raising federal constitutional arguments that their due process rights are being violated. Cf. Pacific MutualLife Ins. Co. v. Haslip, 553 So.2d 537 (Ala. 1989), affirmed,499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). The Legislature has responded to the problem, in part, by adopting legislation commonly referred to as the Tort Reform Package, which seeks to regulate the award of punitive damages by setting a cap on the recoverable damages, except in certain instances where there was a pattern and practice of wrongful conduct. See, Ala. Code 1975, § 6-11-21.
My position from the beginning has been that this Court should modify the rule that did not permit recovery for personal injury, inconvenience, annoyance, or mental anguishand suffering in an action for breach of a contract ofinsurance, and instead should adopt a rule authorizing the recovery of extracontractual damages. This Court, in Stead v.Blue Cross-Blue Shield of Alabama, 346 So.2d 1140 (Ala. 1977), was faced squarely with the legal question presented here: In an action brought for the breach of an insurance contract, can the insured recover damages for personal injury, inconvenience, annoyance, or mental anguish and suffering? Five members of this Court held that such damages were not recoverable. I did not participate in that decision, but I did participate inChavers v. National Security Fire Casualty Co., 405 So.2d 1,7 (Ala. 1981), in which a majority of the Court recognized the tort of bad faith failure to pay an insurance claim. I dissented in Chavers, and I still am of the opinion that the remedy sought in Stead was much preferable to that sought inChavers, but I have found little support for that position.
The result reached here basically adopts the rationale that the insureds in Stead sought to have this Court adopt, and, because it allows the recovery of damages that this Court said, in Stead, were not recoverable, I believe that this case overrules Stead. I believe the remedy I suggested in my dissent in Kountz would be the fairest remedy and the easiest to apply. I believe we should adopt it.[3] *Page 982 
In summary, I am of the opinion that the judicially created tort of "bad faith" has had, and continues to have, serious policy ramifications that I still believe should be addressed by the legislative body of our government, but in the absence of legislation, I think that the judiciary can determine that, in cases such as this, damages in addition to those provided for by the contract are necessary to make the policyholder whole. Consequently, I agree that the policyholder should be able to recover consequential damages for the breach of the contract.
[1] I called the Legislature's attention to a piece of legislation included in an article by K. Harvey and T. Wiseman in 72 Ky.L.J. 141 (1983-84) entitled First Party Bad Faith: CommonLaw Remedies and a Proposed Legislative Solution.461 So.2d at 812.
[2] The Legislature did adopt a so-called "Tort Reform Package" of bills, and included in the package was one that limited the amount that could be awarded as punitive damages. That legislation is being attacked as unconstitutional in a case now pending before this Court. Henderson v. Alabama Power Co., 1901875, 1993 WL 222341 (Ala. 1993).
[3] In Kountz, I said:
"By dissenting in this case, and in others presented to this Court, I may appear to believe a plaintiff in a case such as the present one should be limited to his usual contract damages, but I have no such views, and have never entertained them. The Chief Justice, in his dissent in [Aetna LifeInsurance Company v.] Lavoie [470 So.2d 1060 (1984)], using a principle which I have long held to be the law, has suggested what I believe would be a sound rule of law to establish in these insurance contract cases. He suggested that this Court should adopt a rule that would restrict the cause of action, in situations such as exist here, to one sounding in contract, butexpand the contractual damages rules for non-commercialinsurance contracts. To me, that would be a just and fair rule which could be easily applied, and would be a rule this Court could unanimously adopt. Of course, the Legislature is the body normally relied upon to correct any ills which might exist in the insurance industry regarding payment of insurance claims."
461 So.2d at 811-12 (emphasis original).